**LOVE v. SILAS MASON CO.**

Civil Action No. 1801.

District Court, W. D. Louisiana,
Shreveport Division.

July 29, 1946.

J. Philip Goode and Harry R. Nelson, both of Shreveport, La., for plaintiff.

Cook, Clark & Egan, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiff sued under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for overtime in excess of forty hours per week, as an employee of defendant, beginning August 8, 1941, and ending February 24, 1945. He alleges he was employed on a weekly basis, beginning at $30 per week, which had been increased to $55 per week at the termination of his services; that the overtime amounted to $4,296.80, which he demands be doubled, thus making $8,593.60 and also for $2000 attorneys' fees.

On May 25, 1946, defendant filed a plea of prescription of one year under Article 3534 of the Louisiana Civil Code, and on June 10th following, a motion for summary judgment supported by affidavit and attached evidence. Thereafter, on June 21st, plaintiff filed a motion to dismiss without prejudice, or as in cases of non-suit, which the defendant opposes.

The question presented is as to whether plaintiff is entitled to dismiss as a matter of right, after the filing of these pleas, and if not, whether the court should exercise its discretion to allow dismissal. The plea of prescription, for purposes of

its disposition, admits all well pleaded allegations of fact, and is a peremptory defence, which claims that the demand is barred by the lapse of time. Such a plea, necessarily, puts at issue under the facts so pleaded and admitted defendant's right to judgment, and involves a determination of the matter completely, if sustained, as if an answer had admitted the allegations of fact and simply denied the conclusions of law. Foster & Glassell v. Knight Bros., 152 La. 596, 93 So. 913; Warn v. Mexican Petroleum Corporation, 6 La.App. 55; Carpenter v. E. I. Dupont de Nemours & Co., La.App., 194 So. 99.

 The motion for summary judgment is likewise based on the contention that on its face and the proof offered, the Fair Labor Standards Act does not apply. If sustained it also puts an end to the case. In support of that motion, which as stated, was filed before the attempt to dismiss, defendant attached the affidavit of its vice-president stating the facts with regard to the operations of the plant at which plaintiff worked; and there was also filed a copy of the contract between defendant and the Government. Here again is presented an issue on the merits of the right of plaintiff, as a matter of law, in view of the contract and mode of operating the plant, to the benefits of the Fair Labor Standards Act.

With the record in the shape thus shown the motion to dismiss was admittedly filed for the purpose of permitting plaintiff to file the suit in Delaware, the domicile of defendant, to take advantage of a longer period of limitations and to escape the bar of the Louisiana law. In such circumstances, while technically the pleadings filed by defendant are not answers, they are defenses directed to the merits, which, if sustained, would entitle defendant to a judgment in its favor, rejecting plaintiff's demands either in whole or in part. It would seem therefore that this is the type of appearance which was intended by subsection (a) of Rule 41, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and places the matter within the discretion of the Court under subsection (b) of that rule. See White et al. v. E. L. Bruce Co., D.C., 62 F.2d 577. This contract with the Government was entered into for performance in this state for the producing of munitions needed to prosecute the recent war and any judgment recovered will have to be paid, not by defendant, but by the Government.

According to the contention of defendant in this case all these employees, who have sued for several hundred thousand dollars, continued to work without complaint under the assumption by all parties that they were not affected by the Fair Labor Standards Act. Had defendant been a citizen of this state, each and all would have been compelled to file their suits here, and would have been controlled by the limitations of its statutes. The attempt to assert these claims in another state, because it has a longer period of limitations, certainly would work a decided prejudice, to the real defendant, the Government, if the plaintiffs, who brought their actions here, were permitted to dismiss them for the sole purpose of avoiding the effects of the delay in filing them.

I think therefore that the motion to dismiss should be denied.

Proper decree should be presented.