**PENNSYLVANIA R. CO. v. DAOUST CONST. CO.**

No. 10433.

United States Court of Appeals Seventh Circuit.

Jan. 16, 1952.

J. A. Bruggeman and Barrett, Barrett & McNagny, all of Fort Wayne, Ind., for appellant.

Arthur W. Parry, Merl A. Barns and Parry & Barns, all of Fort Wayne, Ind., for appellees.

Before KERNER, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal presents for our consideration an order of the District Court dismissing the second paragraph of answer and the third party complaint filed by the appellant, The Pennsylvania Railroad Company, against The Daoust Construction Company and The United States Fidelity and Guaranty Company in two actions for personal injuries which had been consolidated for trial. The injuries complained of occurred when a Pennsylvania train struck a tournapull as it was being moved across the Pennsylvania tracks at a cross-

ing near Fort Wayne, Indiana. The tournapull belonged to and was being operated by the Daoust Construction Company which at the time was constructing the highway on which this railroad crossing was located. The construction work was being done under a contract between The Daoust Construction Company and the State Highway Commission of Indiana. The United States Fidelity and Guaranty Company was the surety on Daoust's construction bond. The plaintiffs in these two actions were employees of the Pennsylvania Railroad Company and were riding in, but not operating, the engine at the time of the collision. The plaintiffs alleged that the collision and its resulting injuries were caused by the negligence of both The Pennsylvania Railroad Company and The Daoust Construction Company.

On August 15, 1949, Pennsylvania filed its second paragraph of answer and third party complaint against Daoust and U. S. F & G. alleging that Pennsylvania's liability, if any, was, under the terms of Daoust's contract with the Indiana State Highway Commission, secondary to the liability of Daoust, and that the performance of the contract by Daoust was covered by the surety bond issued by U. S. F. & G. On September 6, 1949, Daoust and U. S. F. & G. filed a motion to dismiss this second paragraph of answer and third party complaint "for failure of said complaint to state a claim * * * upon which relief can be granted * * *."

On January 17, 1950, the trial court called in counsel for the parties and a reporter and, after stating the reasons therefor, announced that the motion to dismiss the third party complaint of Pennsylvania was granted. At that time counsel for Pennsylvania stated that he "would like to have a day to think that over (whether he should amend his pleading or appeal) before entry of judgment on the motion." On January 26th, Pennsylvania filed its notice of appeal from the action of the trial court in dismissing its third party complaint. On the next day Pennsylvania filed its appeal bond, its motion to include the original exhibits, rather than copies, in the record, its statement of points on which it intended to

rely and its designation of contents of the record on appeal. Pennsylvania did not follow through on that appeal (under the provisions of Rule 54(b), Fed.Rules Civ. Proc. 28 U.S.C.A., this action of the trial court did not constitute a final judgment from which Pennsylvania could appeal) nor amend its third party complaint. Two months later, on March 29, 1950, Daoust and U. S. F. & G. filed a motion for formal judgment on the order dismissing Pennsylvania's third party complaint. On the same day Pennsylvania filed an answer to this motion and the two plaintiffs filed motions to dismiss their actions. The court at that time heard arguments on the motion of Daoust and U. S. F. & G. to dismiss the third party complaint and took the same under advisement, giving counsel time to file briefs on the questions presented.

On March 31, 1950, Pennsylvania filed notice of dismissal without prejudice of its third party complaint. Thereafter, on April 21, 1951, the court entered its formal judgment stating: "* * * The Second Paragraph of Answer and Third Party Complaint filed by The Pennsylvania Railroad Company is dismissed. Request to Dismiss its Third Party Complaint filed by Pennsylvania Railroad Company is granted. Judgment of Dismissal of Third Party Complaint is entered. Plaintiffs' Motions to Dismiss the action are granted. Cause dismissed as between Plaintiff and Defendants is granted with prejudice. Clerk is now directed to enter these judgments formally in the record. * * * Pennsylvania Railroad Company objects and excepts to the judgments. * * *"

It is from this judgment that Pennsylvania is prosecuting this appeal.

Pennsylvania first contends that under the provisions of Rule 41(a) (1) and of Rule 41(c) of the Federal Rules of Civil Procedure, it had an absolute right to dismiss its third party complaint without prejudice when it filed its notice of dismissal on March 31, 1950, prior to the filing of an answer to the third party complaint, but subsequent to the filing of the motion by Daoust and U. S. F. & G. to dismiss said complaint and after the trial court had announced its ruling against Pennsylvania on

the motion of the defendants to the third party complaint.

Rule 41(a) (1) reads:

"Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

Rule 41(c) reads:

"The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing."

The motion of the defendants to dismiss the third party complaint for failure to state a cause of action certainly was not an answer to the complaint, nor is such a motion ordinarily considered a responsive pleading.

Webster's New International Dictionary (Second Edition) defines "responsive" as something that responds, answers or replies. Black's Law Dictionary (Third Edition, 1933) p. 1547, defines "Responsive" as: "Answering; constituting or comprising a complete answer. A 'responsive allegation' is one which directly answers the allegation it is intended to meet."

The motion to dismiss did not purport to answer the third party complaint but only said that if all the allegations thereof were true, the complaint still did not state a claim on which relief could be granted.

In Kilpatrick v. Texas & P. Ry. Co., 2d Cir., 166 F.2d 788, 792, Judge Learned Hand, in discussing the question of whether a motion challenging jurisdiction over the person of the defendant constituted an answer, said: "In the case at bar the defendant's motion not only did nothing of the kind (set up affirmative matter which the court could construe to be an answer), but being a challenge to 'jurisdiction over the person,' was a 'defense' which under the rules 'may at the option of the pleader be made by motion.' On what theory in the face of that provision it can be supposed that the 'notice of dismissal' was not filed 'before service of the answer' we cannot comprehend."

There, it is true, Judge Hand was considering Rule 41(a) in which the word "answer" was used, and was not speaking of Rule 41(c) which provides for voluntary dismissal before a "responsive pleading" is filed. But, as we have pointed out above, the result is the same.

We are of the opinion that the filing of the notice of dismissal by Pennsylvania was timely and that its third party complaint should have been dismissed accordingly. But we are also of the opinion that the judgment of the trial court did this. It is true that in the judgment it is first stated that: "The Second Paragraph of Answer and Third Party Complaint filed by The Pennsylvania Railroad Company is dismissed." But this statement is immediately followed by the following: "Request to Dismiss its Third Party Complaint filed by Pennsylvania Railroad Company is granted. Judgment of Dismissal of Third Party Complaint is entered." The Request to Dismiss which the trial court thus granted was a request to dismiss without prejudice. We must, therefore, accept this as a dismissal by Pennsylvania without prejudice. The dismissal of the plaintiffs' complaints was expressly made "with prejudice." The plaintiffs are thus barred from filing further actions against the defendants, while the way is left open for a further action by Pennsylvania at its costs.

The judgment of the District Court is affirmed.