## HARVEY ALUMINUM, Inc. et al. v. AMERICAN CYANAMID CO. et al.

No. 203, Docket 22624.

United States Court of Appeals Second Circuit.

Argued Feb. 12, 1953.

Decided March 16, 1953.

Writ of Certiorari Denied May 25, 1953.

See 73 S.Ct. 949.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City (Walter R. Mansfield, William C. Garrett, and Robert F. Morton, New York City, of counsel), for defendant-appellants, American Cyanamid Co. and Berbice Co. Limited.

Lundgren, Lincoln, Peterson & McDaniel, New York City (Walter Lundgren, New York City, of counsel), for defendant-appellant Reynolds Metals Co.

Hyman I. Fischbach, New York City (Hyman I. Fischbach and Vincent J. Crowe, New York City, of counsel), for plaintiffs-appellees Harvey Aluminum Inc. and Harvey Machine Co. Inc.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This action was brought on December 5, 1952 by Harvey Aluminum Inc. (hereafter referred to as "Harvey"), against American Cyanamid Company (hereafter referred to as "Cyanamid") seeking specific performance of an alleged agreement to sell the tangible assets of Cyanamid's subsidiary

Berbice Company Limited (hereafter referred to as "Berbice"). These assets consist of facilities for the processing and mining of bauxite ore from certain land in British Guiana. At the time of the filing of its complaint Harvey obtained an *ex parte* temporary restraining order pending the hearing and determination of its motion for an injunction *pendente lite* against the sale or transfer of the assets in question by Cyanamid to anyone other than the plaintiff. At the conclusion of a hearing before Judge Sugarman, during the course of which Harvey Machine Co., Inc., and Berbice were added as parties plaintiff and defendant respectively, plaintiffs' motion for a preliminary injunction was denied. The district court found, *inter alia,* that the plaintiffs' chances of success on the ultimate trial were "remote, if not completely nil." On December 15, after the temporary stay had been dissolved by Judge Sugarman, an amended complaint was filed by the plaintiffs adding Reynolds Metals Company (hereafter referred to as "Reynolds") as a defendant and seeking as additional relief that any assets received by Reynolds from Berbice be subjected to a trust in favor of the plaintiffs. On December 17 notices of appearance were filed on behalf of all three defendants. On the same day plaintiffs filed a notice of appeal from Judge Sugarman's order denying a preliminary injunction, also entered on December 17. An application by the plaintiffs for a stay pending appeal was denied by Judge Augustus N. Hand on December 18, and on December 22 Berbice transferred its assets to the defendant Reynolds. Nothing has been done either to perfect or dismiss the appeal. Fearing that the plaintiffs were about to bring suit in British Guiana, the defendants obtained an *ex parte* order from Judge Conger on January 16, 1953, temporarily staying the plaintiffs and directing them to show cause why they should not be enjoined from commencing any legal proceeding in any other jurisdiction involving the same subject matter. On January 19, prior to the return day of the order to show cause, the plaintiffs filed a notice of dismissal stating that they "hereby vountarily dismiss this action as against all defend-

ants." Judge Clancy on January 20, 1953 denied a motion by the defendants to vacate this notice of dismissal, and also denied the defendants' motion for injunctive relief without opinion. This appeal is from the district court's denial of these two motions. An order to show cause containing a temporary stay against the bringing of any legal proceeding by the plaintiffs involving the same questions outside of this jurisdiction was issued by Judge Augustus N. Hand on January 26, and on the hearing of the order to show cause a motion for a stay pending the disposition of the defendants' appeal was granted by this court on February 3. Following the temporary stay against the plaintiffs the defendants initiated proceedings in British Guiana to secure the consent of the government there to the transfer of certain leases. On February 13 an order was issued modifying the stay previously granted against the plaintiffs by allowing them to take any steps that might be necessary to contest these proceedings.

The plaintiffs contend that their attempted voluntary dismissal without a court order was authorized by Rule 41(a) 1 of the Federal Rules of Civil Procedure, 28 U.S.C., which provides that: " * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment * * *." The purpose of this rule is to facilitate voluntary dismissals, but to limit them to an early stage of the proceedings before issue is joined. 5 Moore's Fed.Practice 1007 (2d ed.). The amount of research and preparation required of defendants was stressed by the Committee Note when Rule 41(a) 1 was amended in 1948 as a reason for adding the reference to a motion for summary judgment. 5 Moore's Fed.Practice 1005 (2d ed.). The hearing before Judge Sugarman on the plaintiff's motion for a preliminary injunction required several days of argument and testimony, yielding a record of some 420 pages. Further, the merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its conclution that the plaintiffs' chance of success

on the merits was small. Consequently, although the voluntary dismissal was attempted before any paper labeled "answer" or "motion for summary judgment" was filed, a literal application of Rule 41(a) 1 to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached. See Butler v. Denton, 10 Cir., 150 F.2d 687; Love v. Silas Mason Co., D.C.W.D.La., 66 F.Supp. 753; cf. Kilpatrick v. Texas & Pacific Ry., 2 Cir., 166 F.2d 788; Wilson & Co. v. Fremont Cake & Meal Co., D.C. Neb., 83 F.Supp. 900.

Plaintiffs make the further contention that they at least had the right to dismiss their claim against Reynolds alone under Rule 41(a) 1, since Reynolds did not participate in the proceeding relative to the motion for a preliminary injunction, and had not answered or made a motion for summary judgment when the notice of dismissal was given. However, Rule 41(a) 1 provides for the voluntary dismissal of an "action" not a "claim"; the word "action" as used in the Rules denotes the entire controversy, whereas "claim" refers to what has traditionally been termed "cause of action." Rule 21 provides that "Parties may be dropped or added by order of the court on motion * * *" and we think that this rule is the one under which any action to eliminate Reynolds as a party should be taken. See, e. g., Weaver v. Marcus, 4 Cir., 165 F.2d 862, 175 A.L.R. 1305; O'Neal v. Teeter, D.C.N.D.Ill., 11 F.R.D. 180; Savoia Film S. A. I. v. Vanguard Films, D.C.S.D.N.Y., 10 F.R.D. 64; but cf. Young v. Wilky Carrier Corp., 3 Cir., 150 F.2d 764. Moreover, since the complaint seeks specific performance of the contract to sell the assets of Berbice, which are now in the possession of Reynolds, the latter would seem to be an indispensable party, see Note, 65 Harv.L.Rev. 1050. Doubtless Reynolds would not be an indispensable party if plaintiffs amended their complaint to as to seek monetary relief from Cyanamid for breach of contract, but the case should be judged from the record as it now stands. Accordingly, the order of the district court is reversed and the case is re-manded with directions to vacate the notice of dismissal, and with leave to the plaintiffs to move to dismiss the action under Rule 41(a) 2.

The defendants also appeal from the denial of their motion for a preliminary injunction against the bringing by plaintiffs of legal proceedings elsewhere involving the same issue and ask that this court issue the injunction on the ground that irreparable harm will result if proceedings are also brought in British Guiana requiring the presence there of many of their officers. Presumably the denial by the district court of this motion was not in the exercise of its discretion but was based on the fact that the court regarded the action as no longer before it. Since we have held that the attempted dismissal was ineffective, the denial of the motion for a temporary injunction must also be reversed. We think that the district court has discretion to enjoin another action in British Guiana on the ground of vexatiousness. See Gage v. Riverside Trust Co., C.C.S.D.Cal., 86 F. 984; cf. Higgins v. California Prune & Apricot Growers, Inc., 2 Cir., 282 F. 550. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 does not govern, for there the statutory prohibition of § 265 of the Judicial Code, amended in 1948, 28 U.S.C. § 2283, against the enjoining by federal courts of state court proceedings was under consideration. But since the property involved in the controversy is located in British Guiana, defendant Berbice is a corporation organized under the laws of British Guiana, and defendant Reynolds is now undertaking to do business there, we think that it may well be doubted whether a second proceeding would in fact be unduly vexatious but that it is for the district court to decide the question in the exercise of its discretion. See e. g., State of Alabama v. United States, 279 U.S. 229, 230–231, 49 S.Ct. 266, 73 L.Ed. 675; United States v. Corrick, 298 U.S. 435, 437–438, 56 S.Ct. 829, 80 L.Ed. 1263. Moreover, the defendants have instituted a proceeding in British Guiana to obtain the consent of the British government to the transfer of certain leases. The plaintiffs assert that to protect any rights

that they may eventually establish under the alleged contract with Cyanamid they must contest these proceedings there; to do so British Guiana law seems to require that some type of suit be brought there. Although the defendants deny that the grant of such governmental consent would in any way prejudice the plaintiffs' rights, we think that this is an additional circumstance requiring the exercise of the discretion of the district court. Accordingly, the denial of the defendants' motion for a preliminary injunction is reversed and the case is remanded for a hearing thereon. Pending the hearing and determination of this motion the stay heretofore granted by this court, as modified, will continue in effect. But the continuance of this stay is not to be regarded as in any way intimating an opinion of this court as to whether the district court should or should not issue the injunction.

Reversed and remanded.