Harry A. TOULMIN, Jr., Plaintiff,

v.

INDUSTRIAL METAL PROTECTIVES, Inc., a corporation of the State of Delaware, Defendant.

Harry A. TOULMIN, Jr., Plaintiff,

v.

INDUSTRIAL METAL PROTECTIVES, Inc., 401 Homestead Avenue, Dayton, Ohio, Defendant.

Civ. A. Nos. 1729, 1747.

United States District Court
D. Delaware.
Nov. 22, 1955.

Rodney M. Layton (of Richards, Layton & Finger), Wilmington, Del., and Guy H. Wells (of Turner, Wells & Courson), Dayton, Ohio, of counsel, for plaintiff.

Edmund D. Lyons (of Morris, James, Hitchens & Williams), Wilmington, Del., for defendant.

WRIGHT, Judge.

On July 8, 1955 the plaintiff, Toulmin, filed suit against Industrial Metal Protectives, Inc., in the United States District Court for the District of Delaware. The plaintiff is a resident of Ohio and the defendant is duly incorporated in the State of Delaware, but has its main office and principal place of business in Ohio. On August 1, 1955 defendant filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C., and at the same time filed a motion requesting a change of venue under 28 U.S.C. § 1404 (a). On August 9, 1955 plaintiff filed a notice of dismissal under Federal Rule of Civil Procedure 41(a) (1) (i).[1]

---

1. The pertinent provisions read as follows:

" (1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23 (c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, * * *.

" (2) *By Order of Court.* Except as provided in paragraph (1) of this sub-

On the same day or the day next following the filing of the notice of dismissal in the Federal Court, the plaintiff commenced suit against the same defendant in the Superior Court of the State of Delaware, in and for New Castle County. The complaint filed in the action in the State Court, hereinafter referred to as the second action, set forth the same allegations contained in the complaint filed in the action in this court on July 8, 1955, hereinafter referred to as the first action. On August 26, 1955 the defendant filed a verified petition for removal of the second action from the Superior Court of Delaware to this court in accordance with 28 U.S.C. § 1446.

The defendant has moved to set aside the plaintiff's dismissal filed in the first action on the ground that the filing of the motion for change of venue to Ohio in the first action is a motion of such substance as to be in the nature of an answer requiring an order of court for dismissal.[2]

The plaintiff has filed a motion to remand the second action to the Superior Court of the State of Delaware, in and for New Castle County. The basis of plaintiff's motion to remand is that the second action was improperly removed under the provisions of 28 U.S.C. § 1441 (b)[3] since defendant is a citizen of the State of Delaware by reason of its incorporation under the laws of Delaware. The defendant asserts that the plaintiff having first brought the identical cause of action in this court has waived any right to object to the removal of the second action.

The court will initially consider the first action and dispose of the defendant's motion to set aside the plaintiff's motion to dismiss. Before the promulgation of the Federal Rules of Civil Procedure, by virtue of the Conformity Act,[4] state statutes controlled the right of dismissal in actions at law, and permitted dismissal as a matter of right at any time prior to the retirement of the jury, and often at any time prior to verdict. Under the former Federal Equity practice a plaintiff possessed the right, with a few exceptions, to dismiss his bill in equity unless some plain legal prejudice might have resulted to the defendant other than the mere prospect of a second action upon the same subject matter. The purpose of Rule 41(a) (1) (i) is to prevent the abuse of the right of voluntary dismissal by limiting the application to an early stage of the proceeding.[5]

The Federal Rules of Civil Procedure are to be construed liberally,[6] but this does not mean construction of Rule 41(a) (1) (i) should be so liberal as to

division of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * *"

2. Defendant simultaneously with his motion for transfer also filed a motion for a more definite statement. Even defendant did not think this motion was germane to the outcome of this case, since defendant's brief and oral argument were directed only to the question of whether the plaintiff without order of court may voluntarily dismiss his action after defendant has filed a motion for change of venue under 28 U.S.C. § 1404.

3. 28 U.S.C. § 1441(b) reads:
"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Emphasis added).

4. 17 Stat. 196 (1872), 28 U.S.C. § 724, U.S.Rev.Stat. § 914 (1878) repealed by Act of June 25, 1948, Ch. 646, § 39, Vol. 62, p. 992.

5. 5 Moore's Federal Practice § 41.02 (2d ed. 1948).

6. 2 Moore's Federal Practice § 1.13 (2d ed. 1948); McCrate v. Morgan Packing Co., D.C.N.D.Ohio 1939, 26 F.Supp. 812.

**928**

vitiate the rule. Courts have permitted dismissal under Rule 41(a) (1) (i) after motion to dismiss for failure to state a claim upon which relief can be granted,[7] after a motion to dismiss for lack of jurisdiction,[8] after a stay pending arbitration;[9] and, dismissal has been allowed even after argument on defendant's motion to transfer and the court had indicated it would entertain the motion and transfer to a more convenient forum.[10]

 All the cases which have been brought to the attention of the court in which plaintiff was denied his right to dismiss can be distinguished from the case before the court in that, at the time of the filing of notice to dismiss, the status of the case was such that issues were before the court going to the merits of the controversy.[11] Whether or not this is a proper basis upon which to decide cases arising under 41(a) (1) (i), it is readily apparent no issues were raised which go to the merits of the controversy in this case. Therefore, the case before the court cannot be considered to be within the reasoning of those cases which have prohibited voluntary dismissal.

 Turning now to a consideration of the second case and the plaintiff's motion to remand therein, it is clear that the plaintiff is entitled to remand under 28 U.S.C. § 1441(b).[12] A corporation is a citizen of the state in which it is incorporated.[13] Defendant in its verified petition for removal states it is a corporation organized under the laws of the State of Delaware. Therefore, by virtue of 28 U.S.C. § 1441(b), the second action was improperly removed from the Delaware State Court and upon objection thereto must be remanded to the Superior Court of the State of Delaware, in and for New Castle County.

The defendant's contention that the plaintiff waived his right to remand by first asserting his claim in this court in the first action is without merit. It would mean in practical effect the abrogation of the right of voluntary dismissal conferred by Rule 41(a) (1) (i) of the Federal Rules of Civil Procedure, since under defendant's theory once a plaintiff chooses a federal court, he cannot later choose a state court in the event of the dismissal of the federal action, even though the federal rules specifically provide for this right of voluntary dismissal.

It would be illogical for this court to hold the plaintiff may dismiss his first action commenced in the federal court, and at the same time permit the defendant to remove from the state to the federal court, contrary to the express provisions of the Removal Statute, and thus accomplish what the court holds the defendant cannot do by its motion in the first action.

The defendant's motion to set aside the plaintiff's voluntary dismissal is denied in Civil Action No. 1729, and the plaintiff's motion to remand in Civil Action No. 1747 is granted.

Orders in accordance herewith may be submitted.

7. Pennsylvania R. Co. v. Daoust Const. Co., 7 Cir., 1952, 193 F.2d 659.

8. Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788. See also Robertshaw-Fulton Controls Co. v. Noma Electric Corp., D.C.Md. 1950, 10 F.R.D. 32.

9. Wilson & Co. v. Fremont Cake & Meal Co., D.C.Neb.1949, 83 F.Supp. 900.

10. White v. Thompson, D.C.N.D.Ill.1948, 80 F.Supp. 411.

11. Harvey Aluminum, Inc., v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105; Love v. Silas Mason Co., D.C.W.D. La.1946, 66 F.Supp. 753; Butler v. Denton, 10 Cir., 1945, 150 F.2d 687; See Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788, reversing Kilpatrick v. Texas & P. Ry. Co., D.C. S.D.N.Y.1947, 72 F.Supp. 632.

12. See note 3, supra.

13. Atlas Life Ins. Co. v. W. I. Southern, Inc., 1939, 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987; Patch v. Wabash R. Co., 1906, 207 U.S. 277, 28 S.Ct. 80, 52 L.Ed. 204.