**Joseph W. LITTMAN, Plaintiff-Appellant,**

v.

**BACHE & CO., Defendant-Appellee.**

**No. 141, Docket 24672.**

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1958.

Decided Feb. 4, 1958.

---

Stull & Stull, Robert A. Stull, New York City, on the brief, for plaintiff-appellant.

Milbank, Tweed, Hoppe & Hadley, New York City (William E. Jackson, George H. Bailey, New York City, of counsel), for defendant-appellee.

Before HINCKS, LUMBARD, and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The question presented by this appeal is whether the plaintiff-appellant had an unconditional right to dismiss this action before service by the defendant of an answer or of a motion for summary judgment. The answer lies in construction of Rule 41(a) Fed.Rules Civ.Proc., 28 U.S.C., which rule we previously have construed in Harvey Aluminum, Inc., v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105, certiorari denied 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383.

Appellant commenced this action by the filing of a complaint on March 18, 1957, served upon the defendant on the following day. The District Court granted a three-week extension of time, or until April 29, within which the defendant might answer or otherwise move with respect to the complaint. Within this extended time, by motion dated April 26 the defendant obtained an order directing plaintiff to show cause why the action should not be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). On May 7 the District Court granted the motion despite plaintiff's objections, and directed that the transfer order be settled upon two days' notice. The following day plaintiff obtained an order returnable May 14 directing the defendant to show cause why the motion to transfer should not be reargued, and, upon reargument, denied. The date for the settlement of the transfer order was therefore set over until May 14. On May 13 the plaintiff filed a notice of voluntary dismissal. Defendant moved to vacate the dismissal and after hearing argument, the District Court, on May 16, entered an order directing that the action be transferred to the Southern District of Florida, and that the plaintiff's notice of dismissal be vacated. The plaintiff appealed from these orders. Upon motion of the defendant to dismiss the appeal we held, 2 Cir., 246 F.2d 490, that the § 1404(a) order was not appealable, but that an appeal would lie from the order vacating plaintiff's notice of dismissal.

Voluntary dismissal of actions commenced in the District Court is governed by Rule 41(a) which, insofar as pertinent, provides that "an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs * * *" The Rule was intended to limit the right of dismissal to an early stage of the proceedings, thereby curbing the abuse of the right which had previously been possible.

See 5 Moore's Federal Practice 1007 (2d Ed. 1951). In furtherance of the purpose underlying the Rule, we held in Harvey Aluminum, Inc. v. American Cyanamid Co., supra, [203 F.2d 108] that under the circumstances of that case the notice of dismissal filed by the plaintiff was properly vacated even though no "paper labeled 'answer' or 'motion for summary judgment'" had been served by the defendant. There the dismissal had been attempted by the plaintiff after an adverse ruling on its motion for an injunction *pendente lite*. The injunction had been denied after several days of argument and testimony before the District Court. We noted that the merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its conclusion that the plaintiffs' chance of success was "remote, if not completely nil." 203 F. 2d 105, 107. Cf. Butler v. Denton, 10 Cir., 1945, 150 F.2d 687; Love v. Silas Mason Co., D.C.W.D.La.1946, 66 F.Supp. 753. These decisions rest on the ground that prior to filing of the voluntary dismissal the parties had joined issue on the merits of the controversy, irrespective of the status of the formal pleadings. Where, on the other hand, issue has not been joined prior to notice of dismissal, the courts have held that the dismissal may not be vacated. Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788; Wilson & Co. v. Fremont Cake & Meal Co., D.C.D.Neb.1949, 83 F.Supp. 900; cf. Pennsylvania R. Co. v. Daoust Construction Co., 7 Cir., 1952, 193 F.2d 659.

The present case is akin to the latter group of decisions. The only issue that was raised before the District Court was whether to grant defendant's motion to transfer the action to the Southern District of Florida. The merits of the controversy were never before the court. To be sure, both parties were familiar with the subject matter of the litigation, but this was clearly insufficient to deprive plaintiff of his right to a voluntary dismissal. We hold that the District Court erred in vacating the dismissal. See White v. Thompson, D.C.N.D.Ill.1948, 80 F.Supp. 411; Toulmin v. Industrial Metal Protectives, D.C.D.Del.1955, 135 F.Supp. 925.

Reversed.

LUMBARD, Circuit Judge (dissenting).

I would affirm. I agree with the majority that the issues had not been joined on the merits so as to allow the District Court to treat the stage of the proceedings as equivalent to an answer or motion for summary judgment. If Harvey Aluminum, Inc., v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105, certiorari denied 345 U.S. 964, 73 S.Ct. 949, 97 L. Ed. 1383 and the other cases cited by Judge Herlands stand only for that proposition and if that is the sole exception to the literal language of Rule 41(a) (1), the decision should be reversed. I believe, however, that Harvey means that we need not allow the literal language of the Rules to defeat the interests of justice and sound judicial administration. Cf. Hormel v. Helvering, 1941, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; Bucy v. Nevada Const. Co., 9 Cir., 1942, 125 F.2d 213, 216.

The facts set out by Judge Herlands show, and the thrust of his opinion is, that the plaintiff presumed upon the Court in an attempt to shift his forum. The plaintiff filed the notice of dismissal after he had been defeated on the motion to transfer and after he had expressly requested and received a delay in transfer for the purpose of reargument. On the same day that he dismissed he initiated an action in the New York courts. The District Court has an area of discretion to prevent trifling tactics of this nature. The action of the majority seems to me to lose sight of the larger objective in the process of embracing a technicality.

It seems apparent that the plaintiff, not having achieved the result for which he hoped on the motion to transfer the action to Florida, has now changed his tune as to his citizenship and has started an action in the Supreme Court of New York County on the theory that he is a

New York citizen. Thus the merry-go-round goes around again and under the removal statute the parties may be knocking on the door of the Federal Courthouse once more.

Rule 1 of the Federal Rules of Civil Procedure enjoins us to construe the rules "to secure the just, speedy, and inexpensive determination of every action." I think the injunction applies to this kind of forum shopping which multiplies expense and delay. The District Court had the power to vacate the voluntary dismissal under such circumstances as took place here. Exercising this power in such a proper case was not an abuse of discretion and I would affirm.