**Lois GRASS, Plaintiff,**

**v.**

**CITIBANK, N. A., Citicorp Industrial Credit, Inc., Bank Leumi le-Israel, B. M., Robert N. Speiser and William Bernstein, Defendants.**

**No. 81 Civ. 0627 (KTD).**

United States District Court,
S. D. New York.

March 26, 1981.

Stroock & Stroock & Lavan, for plaintiff; Alvin K. Hellerstein, Melvin A. Brosterman and Judith Feinberg Goodman, New York City, of counsel.

Rathheim, Hoffman, Kassel & Levie, New York City, for defendants Citibank, N.A., and Citicorp Industrial Credit, Inc.; Joseph H. Einstein and Richard Grimwade, New York City, of counsel.

Reavis & McGrath, New York City, for defendant Bank Leumi le-Israel B.M.; David C. Birdoff and Nathaniel Lewis Gerber, New York City, of counsel.

Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant Bank Leumi le-Israel B.M.; Bernard Chanin, Philadelphia, Pa., of counsel.

Bernstein Hawkins & Katcher, New York City, for defendants William Bernstein and Robert N. Speiser; William Bernstein, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This action was initiated on February 3, 1981, with the filing of a complaint. At the time of filing, plaintiff also moved for a preliminary injunction. A hearing on plaintiff's preliminary injunction motion was commenced on February 10, 1981 and continued on February 17, 1981. On February 19, 1981, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(i). On the same day, one of the defendants served and filed an answer and counterclaim.

██ Defendants now move to vacate plaintiff's notice of voluntary dismissal and to dismiss plaintiff's claims with prejudice. In view of the circumstances of this case, I hereby dismiss plaintiff's claims for injunctive relief with prejudice. These claims reached a sufficiently advanced stage of litigation to preclude voluntary dismissal without prejudice. *Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). Defendants expended considerable effort and expense in preparing for the hearing and the merits of the claims for injunctive relief were squarely raised at the hearing. Furthermore, plaintiff failed to establish even a *prima facie* case for injunctive relief after two days of hearings and 112 pages of testimony. Finally, one of the defendants filed an answer on the same day that the plaintiff filed a notice of dismissal without prejudice.

██ The merits of plaintiff's other claims, however, have not been presented to and addressed by the court and, therefore, will be dismissed without prejudice.

Accordingly, plaintiff's notice of dismissal without prejudice is vacated in part and defendants' motion to dismiss this action with prejudice is granted as to the claims for injunctive relief and denied as to the claims for damages.

SO ORDERED.