**JOHNSON CHEMICAL COMPANY, INC., Plaintiff-Appellant,**

v.

**HOME CARE PRODUCTS, INC., Defendant-Appellee.**

**No. 1171, Docket 87–7125.**

United States Court of Appeals, Second Circuit.

Argued May 18, 1987.

Decided July 7, 1987.

Neal S. Barlia, New York City (Bloch, Graff, Danzig, Jelline & Mandell, New York City, of counsel), for plaintiff-appellant.

Seth Natter, New York City (Natter & Natter, New York City, of counsel), for defendant-appellee.

Before VAN GRAAFEILAND, MESKILL and CARDAMONE, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from an order entered in the United States District Court for the Southern District of New York, Cannella, J., granting the motion of defendant Home Care Products, Inc. (Home Care) to vacate plaintiff Johnson Chemical Company's (Johnson) notice of voluntary dismissal brought under Fed.R.Civ.P. 41(a)(1)(i) and awarding to Home Care all costs incurred in defense of the action as a sanction against Johnson under Fed.R.Civ.P. 11. The district court held that Johnson's voluntary dismissal constituted an abuse of court process. For the reasons that follow, we reverse.

## BACKGROUND

Johnson distributes household products, including mouse traps. Home Care manufactures mouse traps, packages them in packaging supplied by its customers, such as Johnson, and delivers its product to them. After a business dispute, Home Care demanded that Johnson remit $14,063.65 for back invoices and threatened to liquidate its existing inventory of Johnson-packaged mouse traps unless Johnson paid.

Johnson thereupon initiated this action, requesting injunctive relief against Home Care's threatened liquidation of the mouse traps on the ground that the liquidation would infringe upon Johnson's trademark. On October 15, 1986, after a two hour hearing, Judge Weinfeld granted a preliminary injunction ordering Home Care to deliver to Johnson "any material containing its trademark" by October 20.[1] J.App. at 52. Judge Weinfeld conditioned the preliminary injunction on Johnson's posting of a $14,063.65 bond to secure Home Care's claim regarding the back invoices and of a $25,000 undertaking to protect Home Care against injury from wrongful imposition of the injunction. Johnson deposited the $14,063.65 with the Registry of the Court and assumed the undertaking.

On October 18, Judge Weinfeld granted Johnson's request to retrieve its cash deposit of $14,063.65 and substitute an undertaking in the same amount to be paid to Home Care in the event that it was successful in the ensuing litigation. J.App. at

1. The case was assigned to Judge Weinfeld solely for the purpose of hearing the preliminary injunction application.

73. On October 20, Home Care delivered the goods in question to Johnson.

On November 4, having accomplished its sole objective of obtaining the goods, Johnson filed a notice of voluntary dismissal, without prejudice, under Rule 41(a)(1)(i). The district court, on Home Care's motion, vacated the voluntary dismissal and sanctioned Johnson under Rule 11, holding that Johnson had used the court's authority for an "improper purpose." This appeal followed.

## DISCUSSION

Rule 41(a)(1)(i) permits a plaintiff to dismiss its action without a court order by filing a notice of dismissal before the defendant serves its answer or moves for summary judgment. *Santiago v. Victim Services Agency of the Metropolitan Assistance Corp.*, 753 F.2d 219, 221 (2d Cir. 1985). Such dismissal "is within the unfettered power of the plaintiff." *Id.* The Rule's requirement that defendants file an answer or move for summary judgment is a "bright line" rule leaving "no discretion to the courts." *Id.* at 222 (citing *Thorp v. Scarne*, 599 F.2d 1169, 1173, 1175–76 (2d Cir.1979)).

At the time of Johnson's voluntary dismissal, Home Care had not served an answer or moved for summary judgment. The district court, however, relying on Judge Augustus Hand's thirty-four year old opinion in *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), vacated the voluntary dismissal. For the reasons that follow, we conclude that the district court erred.

In *Harvey*, the plaintiffs obtained a temporary restraining order prohibiting the defendants from transferring certain assets pending a hearing and determination of the plaintiffs' motion for a preliminary injunction. 203 F.2d at 107. The hearing lasted several days and generated a record of over four hundred pages. *Id.* The district court determined that the plaintiffs' chances of success were "remote, if not completely nil," dissolved the temporary restraining order and denied the preliminary injunction. *Id.* The plaintiffs thereupon amended their complaint, filed a notice of appeal from the denial of the injunction and applied for a stay pending the appeal. *Id.* The defendants in turn obtained an *ex parte* order staying the plaintiffs and directing them to show cause why they should not be enjoined from commencing legal proceedings elsewhere involving the same subject matter. *Id.* In response, the plaintiffs filed their notice of voluntary dismissal.

While noting that the *Harvey* plaintiffs had not filed an answer or moved for summary judgment, this Court nonetheless directed the district court to vacate the dismissal. *Id.* at 108. Judge Hand wrote that the merits of the controversy had been "squarely raised" in the preliminary injunction hearing and that a literal application of Rule 41(a)(1)(i) would not accord with its "essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Id.* at 107–08. *See Thorp*, 599 F.2d at 1174–75 (explaining *Harvey*).

*Harvey* has received a "cool reception." *Thorp*, 599 F.2d at 1175. It stands as the only decision in which we have rejected a strict construction of Rule 41(a)(1)(i). *Id.* at 1174. *See Santiago*, 753 F.2d at 222 (collecting cases). We repeat our admonition, foreshadowed twenty-nine years ago in *Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir.1958), that *Harvey* must be limited to its "extreme" facts. *Santiago*, 753 F.2d at 222; *Thorp*, 599 F.2d at 1176.

While the merits of Johnson's action undoubtedly were addressed at the preliminary injunction hearing, more is required before *Harvey* may be invoked. *See Santiago*, 753 F.2d at 221–23 ("declin[ing] to treat a motion for a preliminary injunction, where a hearing *has* been held and issue *has* been 'joined,' as the equivalent of an answer or a motion for summary judgment" for purposes of Rule 41(a)(1)(i) (emphasis added)). Unlike *Harvey*, the dismissal here was not "attempted by the plaintiff after an adverse ruling on its motion

for an injunction *pendente lite." See Littman,* 252 F.2d at 481 (distinguishing *Harvey* ). As a result, we conclude that the instant case is not sufficiently similar to *Harvey* to fall within its extremely narrow exception.

 Home Care contends that its considerable time and expense incurred in this action and the prejudice to it resulting from the voluntary dismissal justify the district court's decision. Mere expenditure of time and money by a defendant, however, does not bar a plaintiff from timely dismissing an action under Rule 41(a)(1)(i). *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977). *See Thorp,* 599 F.2d at 1176 (defendant seeking to prevent Rule 41(a)(1)(i) dismissal by plaintiff need only file answer or move for summary judgment).

Home Care, moreover, offers no intelligible basis for its contention that the dismissal adversely affected its rights. Although the parties' bargaining positions over the back invoices unquestionably shifted as a result of the preliminary injunction, this shift was caused by Home Care's threatened infringement of Johnson's trademark. Home Care may press its claim concerning the invoices in its own suit and thus has suffered no cognizable prejudice.

The instant case, therefore, "fall[s] short of the extreme exemplified by *Harvey."* *Thorp,* 599 F.2d at 1176.[2] We reverse the district court's vacatur of Johnson's voluntary dismissal.

As a result of our decision, the district court's orders subsequent to the dismissal became a nullity. Once Johnson had dismissed the action under Rule 41(a)(1)(i), the court lost all jurisdiction over the action. *Santiago,* 753 F.2d at 221, 222–23 & n. 3; *Williams v. Ezell,* 531 F.2d 1261, 1263–64

(5th Cir.1976). The Rule 11 sanctions, therefore, are vacated.

The matter is remanded for entry of dismissal under Rule 41(a)(1)(i).

---

2. The district court also relied on *Grass v. Citibank, N.A.,* 90 F.R.D. 79 (S.D.N.Y.1981), in which Judge Duffy granted the defendants' motion to vacate the plaintiff's voluntary dismissal and to dismiss the case with prejudice. *Id.* at 80. *Grass* is unpersuasive. The preliminary injunction hearing held in *Grass* was far more extensive than the hearing below and more closely resembled the proceedings conducted in *Harvey.* Judge Duffy apparently was influenced by the plaintiff's complete failure to establish its case at the hearing, another circumstance akin to *Harvey* but inapposite here. Judge Duffy also noted the "considerable time and effort" expended by the defendants in preparing for the preliminary injunction hearing, *id.,* a consideration rejected above. The *Grass* Court failed to cite and may have overlooked *Thorp,* the governing precedent at the time it was decided. The district court's reliance on *Grass* was error.