CRAWLEY, Judge,
dissenting.
Because I would reverse the judgment of the trial court, I must respectfully dissent. The majority opinion states that “Lynn cites no authority, persuasive or otherwise, other than Rule 41(a), Ala.R.Civ.P., to support his argument. We, therefore, decline to address it further.” As discussed below, Rule 41(a) is relevant to his argument.
Lynn argues on appeal that Nelson was precluded from filing the action in the trial court once he had dismissed the action on two previous occasions. Rule 41(a)(1), Ala. R.Civ.P., states in pertinent part:
“[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of *140 any state, an action based on or including the same claim.”
(Emphasis added.)
I disagree with the majority that the dismissals of the two actions in Lee District Court were subject to Rule 41(a)(2). The record does not indicate that Lynn ever filed an answer or a motion for summary judgment in either action before Nelson voluntarily dismissed the actions. Lynn did file a motion to transfer venue after Nelson filed each action in the Jefferson Small Claims Court; however, a motion to transfer venue is not an answer which would preclude a dismissal pursuant to Rule 41(a)(1). Littman v. Bache & Co., 252 F.2d 479 (2nd Cir.1958).
I also disagree with the majority that the second dismissal is without prejudice. Although the case action summary indicates that the Lee District Court dismissed the second action “without prejudice,” that notation is of no effect, because Rule 41(a)(1) explicitly provides that the second dismissal of the same action is an “adjudication upon the merits,” and that second dismissal is with prejudice. Nelson testified that all three actions regarded money Lynn allegedly owed on a lease. Rule 41(a)(1) precludes Nelson from filing the same action in the trial court after that action was dismissed on two previous occasions. Therefore, the trial court had no jurisdiction to enter the judgment against Lynn, and I would reverse its judgment.