

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Delta Funding Corp v. Harris

Precedential or Non-Precedential: Precedential

Docket No. 04-1951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Delta Funding Corp v. Harris" (2006). *2006 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1951

———


DELTA FUNDING CORPORATION

v.

ALBERTA HARRIS,
          Appellant

———


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 02-cv-04080)
District Judge: Hon. John C. Lifland


———


Argued: May 10, 2005

Before:  SLOVITER, FISHER and ALDISERT, Circuit Judges

(Filed:  October 3, 2006)

———


Madeline L. Houston   (Argued)
Houston & Totaro
Bloomfield, New Jersey 07003

     Attorney for Appellant

Alan S. Kaplinsky
Martin C. Bryce, Jr. (Argued)
Ballard Spahr Andrews & Ingersoll, LLP
Philadelphia, PA 19103

Attorneys for Appellee

Baher A. Azmy
Andrew McNally
Erin Kahn
Steven Klutkowski
Seton Hall Law School
Center for Social Justice
Newark, New Jersey 07102

Attorneys for Amici Curiae,
American Civil Liberties Union of New Jersey,
New Jersey Institute for Social Justice, New Jersey
Citizen Action Coalition, New Jersey Public Policy
Research Institute, American Association of Retired
Persons, and National Association of Consumer
Advocates in Support of Appellant Alberta Harris


OPINION OF THE COURT


SLOVITER, Circuit Judge.

This matter is before us following issuance of an opinion by the Supreme Court of New Jersey in response to a question of law that we certified to it.[1]  See Delta Funding Corp. v. Harris,

---

[1]  We express our appreciation to that court for accepting our certified question.  The certified question procedure is a useful vehicle for federal courts to give the state supreme courts an opportunity to elucidate an important issue of state law, thereby avoiding erroneous predictions that will confuse rather than clarify the issue.  The Supreme Court has stated that certification "does . . . in the long run save time, energy, and resources and helps build

2

No. 04-1951, 2005 U.S. App. LEXIS 24531, at *13-14 (3d Cir. July 27, 2005). A brief summary of the background and issue is called for.

In 1999, Alberta Harris, a 78-year-old African-American woman with a sixth-grade education and very little financial sophistication, entered into a mortgage loan contract with Delta Funding Corporation, a lender specializing in the sub-prime market.[2] Under the contract, Delta provided Harris with a $37,700 loan secured by a mortgage on her house. Harris owned her home outright and had lived in it for more than thirty years. Harris's only basis for financial support in 1999 was the social security payment of approximately $900 per month. The annual percentage rate on the Delta loan was 14%, resulting in monthly payments of approximately $444.44; nearly half of Harris's monthly income. Delta subsequently assigned the loan to Wells Fargo as trustee. Harris was unable to afford the required monthly payments and Wells Fargo instituted a mortgage foreclosure suit against her in the Superior Court of New Jersey, Essex County, Chancery Division.

The loan agreement contains an arbitration provision that allows either party to elect binding arbitration as the forum to resolve covered claims. In response to Wells Fargo's mortgage foreclosure action, Harris filed an Answer and Counterclaim and a Third-Party Complaint against Delta, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 to -67, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§

---

a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

[2] Sub-prime lending refers to lending to persons who, because of poor credit history or even discrimination by traditional lenders, have been historically excluded from obtaining credit. These loans charge higher interest rates, points, and fees than comparable loans in the prime market. See generally HUD-TREASURY TASK FORCE ON PREDATORY LENDING, CURBING PREDATORY HOME MORTGAGE LENDING 27-28 (June 2000), available at http://www.huduser.org/Publications/pdf/treasrpt.pdf.

2601 to -17, and the New Jersey Consumer Fraud Act ("CFA"), N. J. Stat. Ann. §§ 56:8-1 to -135.

Delta filed a petition in the United States District Court for the District of New Jersey seeking to compel arbitration of Harris's claims against it. Harris filed an answer to Delta's petition and thereafter she filed a motion for summary judgment. In that motion, she argued, inter alia, that the arbitration clause was unconscionable under New Jersey state law because it (1) imposes prohibitive costs which preclude her from effectively vindicating her statutory rights; and (2) requires her to adjudicate her claims in two forums; i.e., she must contest the foreclosure action in state court, but bring all related claims in arbitration. The District Court denied Harris's motion for summary judgment and granted Delta's motion to compel arbitration.[3]

Believing that the issue presented a question of New Jersey law that was undecided, we issued a petition pursuant to New Jersey Court Rule 2:12A-3 certifying a question to the New Jersey Supreme Court. That Court accepted and reformulated the question as follows: "Is the arbitration agreement at issue, or any provision thereof, unconscionable under New Jersey law, and, if so, should such provision or provisions be severed?" Delta Funding Corp. v. Harris, 185 N.J. 255, 883 A.2d 1055 (N.J. 2005). The New Jersey Supreme Court issued its decision on August 9, 2006. See Delta Funding Corp. v. Harris, 2006 N. J. LEXIS 1155 (N.J. Aug. 9, 2006).

We will not rescribe the analysis and reasoning of the New Jersey Supreme Court because it is available in the published opinion. We summarize it briefly.

That Court stated that "Most of the disputed provisions in the instant arbitration agreement are, to some degree, ambiguous. To the extent that the unconscionability of those provisions ultimately turns on how the arbitrator resolves the ambiguities, we are unable to determine whether the provisions are, in fact,

---

[3] The state court presiding over the foreclosure action then dismissed Harris's third-party complaint against Delta.

4

unconscionable." Id. at *17-18.[4]  The Court then identified general principles of New Jersey contract law that this court and the arbitrator can apply to the agreement.

The Court first considered the claim of procedural unconscionability and referred to its opinion in Rudbart v. North Jersey District Water Supply Commission, 127 N.J. 344, 605 A.2d 681, 687 (N.J. 1992), which focused on the procedural and substantive aspects of a contract of adhesion in order to determine whether the contract is so oppressive or inconsistent with the vindication of public policy that it would be unconscionable to permit its enforcement.  The Court noted that "Harris alleges certain facts surrounding her signing of the contract that suggest a high level of procedural unconscionability" that "must be taken into account."  Delta Funding, 2006 N.J. LEXIS 1155, at *21, 22.

With respect to Harris's reference to the provision of the arbitration agreement regarding payment of hearing-level costs, the Court reviewed the parties' respective arguments and noted, "The agreement as written, and as yet uninterpreted by an arbitrator, could force Harris to bear the risk that she will be required to pay all arbitration costs.  That risk is unconscionable in that it is a deterrent to the vindication of her statutory rights." Id. at *26.

The Court next considered the provision in the arbitration agreement that states, "[u]nless inconsistent with applicable law, each party shall bear the expense of that party's attorneys', experts' and witness fees, regardless of which party prevails in the arbitration."  Id. at *27.  The New Jersey Supreme Court concluded that "To the extent that this provision in Harris's consumer contract would prevent her from recovering discretionary attorney's fees and costs under RESPA, it is unconscionable."  Id. at *29.

---

[4]  All citations to the text of the New Jersey Supreme Court's decision are to the version in LEXIS because the opinion has not been printed in the official reporter.

The arbitration agreement also provides that "the cost of . . . an appeal will be borne by the appealing party regardless of the outcome of the appeal." Id. at *30. With respect to that provision, the Court stated that "[t]he same conclusion in respect of the unconscionability of the hearing-level costs provision applies to the allocation of costs related to appeals available within the arbitral forum." Id.

Noting that "the arbitration provisions are subject to interpretation, but only by an arbitrator," id. at *31, the Court stated that "if an arbitrator were to interpret all of the disputed provisions in a manner that would render them unconscionable, we have no doubt that those provisions could be severed and that the remainder of the arbitration agreement would be capable of enforcement." Id. at *32.

Finally, the Court ruled that the "class-arbitration waiver in [Harris's] arbitration agreement is not unconscionable per se," id. at *32, that the provision of the arbitration agreement that excludes any foreclosure actions that may be brought against Harris is burdensome but not unconscionable, id. at *34-35, and that Harris's challenge to the discovery and confidentiality provisions of the arbitration agreement, which are a form of generalized attacks on arbitration as a method of dispute resolution, are "not persuasive." Id. at *38.

We have undertaken to summarize the New Jersey Supreme Court's opinion only because the result is undoubtedly of interest to the district courts in this circuit. Of course, the New Jersey Supreme Court opinion speaks for itself, and those interested in its conclusions are directed to the opinion.

For the reasons set forth above, we will remand this matter to the District Court with directions that it should enforce the arbitration agreement, attaching to its order a copy of the New Jersey Supreme Court opinion.