[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2011
JOHN LEY
CLERK

No. 10-11790

_____

D.C. Docket No. 2:09-cv-00807-SLB

AMERICAN GENERAL FINANCIAL SERVICES OF ALABAMA, INC.,
WILMINGTON FINANCE, INC.,

                                        Plaintiffs - Appellees,

   versus

REGINA GRATTON WITHERSPOON,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 12, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

   In May 2008, Sutton Funding, LLC ("Sutton") filed an eviction action

against Regina Gratton Witherspoon in state court.  In December 2008,

Witherspoon filed an "Answer, Counterclaim and Third Party Complaint," asserting third-party claims against various financial institutions that held mortgages on the real property at issue. Of relevance to this appeal are her claims against American General Financial Services, Inc., and Wilmington Finance, Inc. ("Appellees").[1]

Appellees filed a petition in federal district court to compel arbitration under section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. The district court denied her 12(b)(1) motion to dismiss Appellees' petition. It then granted Appellees' unopposed motion for summary judgment and dismissed the case without prejudice. Witherspoon appeals, arguing only that the district court lacked jurisdiction to entertain Appellants' section 4 petition to compel arbitration.

## DISCUSSION

Section 4 of the FAA provides that a party aggrieved by another party's refusal, failure, or neglect to conform with a written agreement to arbitrate a dispute may petition a federal district court for an order compelling arbitration; however, for the provision to apply, the court must otherwise be able to exercise

---

[1] Witherspoon's complaint included a claim brought under the Federal Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692 et. seq., that she later alleged to be a drafting error by her counsel. After considering parol evidence, the district court concluded that Witherspoon's inclusion of the FDCPA claim was not a drafting error. Because we conclude on other grounds that the district court had diversity jurisdiction over Appellees' petition, we will not address Witherspoon's argument that the FDCPA claim cannot form the basis for federal-question jurisdiction.

jurisdiction over "the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4. Thus, the FAA does not itself bestow federal jurisdiction, but "requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1271 (2009) (internal quotation marks omitted) (alterations omitted). Ordinarily, federal jurisdiction may not be predicated upon an actual or anticipated counterclaim, even where that counterclaim is compulsory. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–33 (2002). However, the Supreme Court explained in *Vaden* that section 4 of the FAA allows a party access to federal court if "the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court." 129 S. Ct. at 1275.

Unlike in *Vaden*, where the plaintiff's complaint and the defendant's counterclaim constituted the entire "controversy between the parties," *see id.* at 1268–69, Witherspoon first asserted her claims against Appellees in her "Answer, Counterclaim and Third Party Complaint," to which Appellees filed no response. Thus, the "entire, actual controversy" between Witherspoon and Appellees was contained within Witherspoon's complaint asserting claims against them. Therefore, the only questioning remaining for this Court is whether that "entire,

3

actual controversy" as Witherspoon and Appellees have framed it would otherwise invoke federal-question or diversity jurisdiction.

The parties do not dispute that there was complete diversity between them. Thus, Appellees need only persuade this Court by a preponderance of the evidence that the amount in controversy has been met. *See Lowery v. Ala. Power Co*., 483 F.3d 1184, 1208–09 (11th Cir. 2007) (explaining that where damages are unspecified, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy has been met). Although Witherspoon does not appear to state a claim for a specific amount of compensatory damages, she alleges that Appellees engaged in certain illegal lending practices and wrongful foreclosure and sale of her property. Our review of the record and the briefs reveals that her claims easily raise the inference of liability greater than $75,000. Thus, we conclude that Appellees have met their burden of establishing that the amount in controversy with Witherspoon has been met.

Because we conclude that the "entire, actual controversy" between Witherspoon and Appellees invokes diversity jurisdiction for purposes of section 4 of the FAA, we need go no further; the district court properly denied Witherspoon's 12(b)(1) motion to dismiss.

**AFFIRMED.**

4