STRAUB, Circuit Judge,
concurring in part and dissenting in part:
According to the majority, a petitioner who files an action to compel arbitration under § 4 of the Federal Arbitration Act (“FAA”) has no right to unilaterally dismiss that action under Rule of the Federal Rules of Civil Procedure.
But Rule 41 expressly grants a plaintiff the right to unilateral dismissal, so long as he files the necessary notice before his adversary serves either an answer or a motion for summary judgment. By the plain text of Rule 41, then, a § 4 petitioner could seemingly dismiss his action unilaterally, so long as he files a notice of dismissal prior to his adversary’s service of either an answer or a motion for summary judgment.
To circumvent this textual inconvenience — and as a basis for concluding that Rule 41 cannot apply here — the majority concocts out of pure say-so a new theory: Rule 41 “presupposes” that an adversary may serve both an answer and a motion for summary judgment, because an adversary must have “the flexibility to choose between two means of’ cutting off the right to unilateral dismissal. (Maj. Op. at 111-12, 113-14.) The majority musters not a single authority in support of this theory. And in light of Rule 41’s clear language, that is no surprise.
In my view, it is beyond dispute that a § 4 petitioner who proceeds in accordance with Rule 41 enjoys the right to unilaterally dismiss his action. The majority may sincerely believe that the Rule, as written, is unfair. But even the sincerest of beliefs do not empower our Court to amend the Federal Rules.
I accordingly dissent.

I. Background and the Majority Opinion.

A. Background.

ISC initiated the instant action by petitioning the District Court under § 4 of the FAA for an order compelling Nobel to arbitrate the parties’ underlying dispute.
Nobel responded by waiving its defenses of insufficient process and insufficient service of process under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure, and by moving to dismiss the action under Rule 12(b)(2) for lack of personal jurisdiction.[1]
Approximately two years later, ISC filed a notice of voluntary dismissal in accordance with Rule 41(a)(l)(A)(i) of the Federal Rules of Civil Procedure (“Rule 41” or “Rule”).[2] Pursuant to this notice, ISC purported to unilaterally dismiss the action *118 without prejudice. Nobel, in turn, moved for an order “disregarding” ISC’s notice of dismissal.
The District Court granted Nobel’s motion, deeming ISC’s Rule 41 notice of dismissal to be of no effect. Faced with the prospect of litigating a matter it had initiated but now preferred to dismiss, ISC declined to participate any further in the action.
The District Court then dismissed ISC’s petition with prejudice pursuant to Rule 41(b).

B. The Majority Opinion.

The majority here affirms the District Court’s decision to vacate ISC’s notice of dismissal. According to the majority, “ISC could not dismiss its petition to compel arbitration pursuant to [Rule 41], because that provision does not apply to petitions to compel arbitration under ... § 4” of the FAA. (Maj. Op. at 116.)
The majority offers twin rationales for this conclusion, each of which is without merit.
1. The Majority’s Rule 41, “Textual ” Rationale.
The majority first claims that the text of Rule 41 itself prevents the Rule from applying in the context of an action brought to compel arbitration.
The majority begins by acknowledging that, under Rule 41, an adversary may cut off a plaintiffs right to unilateral dismissal by serving either an answer or a motion for summary judgment before the plaintiff files his notice of dismissal. Although the Rule does not say so, the majority says the Rule cannot apply unless both answers and motions for summary judgment are available, because an adversary must retain “the flexibility to choose” the manner in which to cut off a plaintiffs right to unilateral dismissal. (Maj. Op. at 113.)
With the deck thus sufficiently stacked, the majority observes that answers are unavailable in the context of actions to compel arbitration, so Rule 41 must be unavailable, too.

2. The Majority’s Rule 81 Rationale.

The majority arrives at the same conclusion — that Rule 41 cannot apply here — by way of Rule 81 of the Federal Rules of Civil Procedure.
Rule 81 provides that the Federal Rules govern judicial proceedings “relating to arbitration,” “except as [the FAA] provide[s] other procedures.” Fed.R.Civ.P. 81(a)(6)(B) (emphasis added). According to the majority, the FAA provides “other procedures” within the meaning of Rule 81 so as to preempt Rule 41 in the context of judicial proceedings under the FAA.
In brief, the majority notes that, under § 6 of the FAA, applications to compel arbitration are made and heard as motions. See 9 U.S.C. § 6. The majority thus reads § 6 as precluding the service of an answer, because an answer is not a “motion.” Because, the majority says, Rule 41 “presupposes” the availability of both answers and motions for summary judgment, and because the FAA provides “other procedures” that preclude the service of answers, the majority concludes that Rule 41 must be preempted in the context of judicial proceedings relating to arbitration.

II. The Text of Rule 41 Does Not Render the Rule Inapplicable in the Context of Judicial Proceedings Relating to Arbitration.

I begin with the majority’s claim that Rule 41 cannot apply unless an adversary has the “flexibility to choose” the manner in which to cut off the right to unilateral dismissal. This gloss on Rule 41 is sup *119 ported by nothing more than the majority’s ipse dixit.
Constrained, as I am, by the unambiguous text and history of Rule 41, I find the majority’s analysis unpersuasive.

A. The Text of Rule 41.

Rule 41 is clear on its face. It states that a “plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.” Fed.R.Civ.P. 41(a)(1)(A)® (emphasis added).
The foregoing text nowhere indicates that the Rule applies only when an adversary has the “flexibility to choose” between serving an answer and a motion for summary judgment. Rule 41 may, de facto, afford some adversaries “flexibility” in deciding how to cut off the right to unilateral dismissal. But that is a far cry from saying that “flexibility” is, de jure, a prerequisite to the applicability of the Rule. If an adversary’s “flexibility” of choice were at all relevant, the Rules Committees could have made that apparent in any of the seven amendments to Rule 41 that have been implemented over the last 66 years.
In pressing its “textual” argument that Rule 41 cannot apply here, the majority overlooks the Rule’s text in another way. Rule 41 grants plaintiffs an absolute and unconditional right to unilateral dismissal,[3] “[sjubject to ... any applicable federal statute.” Fed.R.Civ.P. 41(a)(1)(A). But plaintiffs’ “right to dismiss will not be subject to the terms of a statute unless the statute specifically requires [that dismissal be by] consent of the court.” 8-A1 Moore’s Federal Practice — Civil § 41.32 (emphasis added).[4] The FAA contains no such requirement.
Rule 41’s “[sjubject to” clause certainly could have included the kind of proviso the majority thinks the Rule does include. That is, Rule 41 could have said that plaintiffs’ right to unilateral dismissal is “subject to” an adversary’s retaining “flexibility to choose” whether to answer or move for summary judgment. But the Rule does not say that. Rather than amending the Rule by judicial fiat, the majority should allow the Rules Committees to do their work.
Finally, I note a central irony in the majority’s decision.
The majority emphasizes its “skepticism” that our decision in Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.1953) “is still good law.” (Maj. Op. at 116.) Indeed, Harvey has been rejected, disapproved of, or limited by nearly all the Courts of Appeals that have considered it — including our own.[5]
*120 The basis for this “cool reception” is the Harvey Court’s rewriting of the unambiguous provisions of Rule 41. See Thorp v. Scame, 599 F.2d 1169, 1175 (2d Cir.1979). We acknowledged in Harvey that the terms of Rule 41 foreclose a plaintiffs right to unilateral dismissal only upon the service of an answer or a motion for summary judgment. But we nevertheless recognized — contrary to the plain text of the Rule — a third circumstance in which a plaintiffs right to voluntary dismissal would terminate: where “an advanced stage of a suit has been reached.” Harvey, 203 F.2d at 108.
The majority casts doubt on the validity of Harvey. But in the same breath, the majority rewrites the unambiguous provisions of Rule 41, and thus commits the very error that caused the majority to doubt the validity ’Of Harvey in the first place. In Harvey, we freely dispensed with a “literal application” of Rule 41, because we thought a “literal application” would not accord with the Rule’s “essential purpose.” Id. (emphasis added). And in the instant matter, the majority rewrites Rule 41 because it thinks “a ‘literal’ interpretation of the rule is simply not a reasonable interpretation in the context of petitions to compel arbitration.” (Maj. Op. at 114 (emphasis added).)
In short, I disapprove of the majority’s decision here for the same reason the majority itself disapproves of Harvey.

B. The History of Rule 41.

The plain text of Rule 41 nowhere states that the Rule applies only if both answers and motions for summary judgment are available. Nevertheless, the majority proclaims that Rule 41 “presupposes” the availability of “both such papers,” (Maj. Op. at 112), because an adversary must enjoy “the flexibility to choose between two means” of cutting off a plaintiffs right to unilateral dismissal, (Maj. Op. at 113).
“Facts are,” however, “stubborn things.”[6] No less stubborn are the facts pertinent to the development of Rule 41, which the majority either misunderstands or chooses to ignore. Those facts belie the theory the majority propagates here.
At its inception, Rule 41 plainly did not “presuppose” that an adversary would have “the flexibility to choose between two means” of cutting off a plaintiffs right to unilateral dismissal. Indeed, there was no room in the Rule for “flexibility,” because as adopted in 1937, Rule 41 provided only one means of cutting off a plaintiffs right to unilateral dismissal. Specifically, the Rule stated as follows: “an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service of the answer.” Fed.R.Civ.P. 41(a)(1)© (1937) (emphasis added).
The 1946 amendment to Rule 41 provided that the service of a motion for summary judgment would, like the service of an answer, terminate a plaintiffs right to unilateral dismissal. See Fed.R.Civ.P. 41(a)(1)© (1946) (“[A]n action may be dismissed by the plaintiff without order of *121 court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.”) (emphasis added).
The impetus for the 1946 amendment was not, however, the rulemakers’ longing to bestow on defendants “flexibility to choose between two means” of cutting off plaintiffs’ Rule 41 rights. Rather, as the drafting history of the Rule indicates, the rulemakers recognized that a defendant who had already moved for summary judgment would be prejudiced by a plaintiffs subsequent unilateral dismissal, just as would be a defendant whose action was unilaterally dismissed following the service of an answer.
In March 1946, the Advisory Committee on Rules for Civil Procedure convened to discuss possible amendments to the Rules. The Committee Summary on Rule 41 noted that a leading commentator had criticized the 1937 version of the Rule for “authorizing] a plaintiff to dismiss when the defendant had not served an answer but had moved for summary judgment,” 3 James Wm. Moore, Moore’s Federal Practice 3037-38 n. 12 (1938) (emphasis added). See Advisory Comm, on Rules for Civil Procedure, Summary for Proceedings of March 25-26 1946 (“Committee Summary ”) 53 (1946).
The Committee Summary also noted that a practitioner had voiced similar concerns:
Mr. Lane Summers, of Seattle, points out that although [Rule 41] restricts the plaintiffs right to dismiss upon notice and without order of court to that preliminary stage of the litigation “before service of the answer,” such a dismissal may be effected during that period even though the defendant has filed a motion for summary judgment.
Id. (emphasis added).
Summers offered several reasons why the service of a motion for summary judgment should, for purposes of Rule 41, have the same effect as the service of an answer. First, he noted that a motion for summary judgment “may be necessitated prior to the defendant’s answer.” Id. Second, he observed that “the motion may require even more research and preparation than an answer.” Id. Third, he reasoned that “the motion, if well taken, may eliminate the necessity for an answer and result in the final termination of the litigation.” Id.; see also Fed.R.Civ.P. 41 advisory committee’s note.
In short, Summers “[felt] that a defendant ... is as much prejudiced by a voluntary dismissal after service of a motion for summary judgment as he would be by such a dismissal after answer, and that the rule in all fairness should be extended as suggested.” Committee Summary, at 53; see also 2 Advisory Comm, on Rules for Civil Procedure, Minutes of Proceedings of March 25-28 1946 (“Committee Minutes ”) 367 (1946).
The Committee reacted favorably to Summers’s suggestion. See Committee Minutes, at 367 (“[Summers] thinks that the plaintiff should not be able to dismiss when the defendant has moved for summary judgment, and I should think there was at least some logic to his suggestion.” (comments of Charles E. Clark, Reporter)); id. at 371 (describing Summers’s suggestion as aiming “to prevent [the plaintiff] from dismissing and leaving the defendant with a big job done in preparation for a motion on the merits and not having had a hearing on it” (comments of William D. Mitchell, Chairman)). The suggestion was adopted in 1946, and made *122 effective in 1948. See Fed.R.Civ.P. 41 advisory committee’s note.
* * *
The majority says that Rule 41 “presupposes” the availability of both answers and motions for summary judgment, and that an adversary must have “flexibility to choose between [those] two means” of cutting off the right to unilateral dismissal. In light of the drafting history of Rule 41, the majority’s theory amounts to little more than unsupported sophistry.

III. The FAA Does Not Preempt Rule 56.

As discussed, the text of Rule 41 is unambiguous. It provides a plaintiff with an absolute right to unilateral dismissal before an adversary serves “either an answer or a motion for summary judgment.” Fed.R.Civ.P. 41 (a)(1)(A)(i) (emphasis added). And as the Rule’s drafting history indicates, the current version of the Rule presupposes only that an adversary may serve at least one of the papers mentioned in the Rule.
For present purposes, then, the question is whether a respondent in an action brought to compel arbitration may serve any one of those papers. The majority answers that question in the negative, noting (a) that the FAA renders answers unavailable in the context of judicial proceedings relating to arbitration, and (b) that there is a “plausible argument” that the FAA also renders motions for summary judgment unavailable, (Maj. Op. at 113).
I need not dispute whether answers are unavailable in the context of judicial proceedings relating to arbitration, because motions for summary judgment most certainly are available in that context.

A. Applicable Law.

The Federal Rules “govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.” Fed.R.Civ.P. 1. Rule 81 provides that the Federal Rules govern judicial proceedings “relating to arbitration,” “except as [the FAA] provide[s] other procedures.” Fed.R.Civ.P. 81(a)(6)(B) (emphasis added).
Rule 81 thus allows the Federal Rules to fill in “those procedural gaps left open by the FAA.” Champ v. Siegel Trading Co., Inc., 55 F.3d 269, 276 (7th Cir.1995); see also Gov’t of the United Kingdom of Great Britain and N. Ireland v. Boeing Co., 998 F.2d 68, 73 (2d Cir.1993) (stating that Rule 81 allows application of the Federal Rules “to the extent that [the FAA] does not provide appropriate procedural rules”). More specifically, Rule 81 commands that the Federal Rules govern judicial proceedings under the FAA “to the extent [the Rules are] consistent with the language and purpose of the [FAA.].” See Booth v. Hume Publ’g, Inc., 902 F.2d 925, 931 (11th Cir.1990).
* ífc Hi
In accordance with the foregoing, numerous courts have concluded that particular Federal Rules govern judicial proceedings under the FAA.
We have, for example, acknowledged that the discovery procedures of Rule 26 are applicable in the context of judicial proceedings to confirm an arbitral award under § 9 of the FAA. See In re Andros Compania Maritima, S.A. (Marc Rich & Co., AG.), 579 F.2d 691, 702 & n. 15 (2d Cir.1978) (citing 7 Moore’s Federal Practice ¶ 81.05(7) at 81-82 (2d ed.1975); Int’l Union of Elec., Radio & Mach. Workers v. Westinghouse Elec. Corp., 48 F.R.D. 298 (S.D.N.Y.1969); Fed.R.Civ.P. 81). Rule 26 is similarly applicable in the context of actions seeking to compel arbitration un *123 der § 4 of the FAA. See, e.g., Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegro, 198 F.3d 473, 482 (4th Cir.1999); Champ, 55 F.3d at 276; 14-81 Moore’s Federal Practice — Civil § 81.08. The FAA is silent on matters of discovery in the context of judicial proceedings. See 9 U.S.C. § 1 ei seq.; Westinghouse Elec. Corp., 48 F.R.D. at 300. And Rule 26 is not inconsistent with the FAA’s language or purpose. Compare Fed.R.Civ.P. 26, with 9 U.S.C. § 1 eí seq. As a result, district courts may, consistent with Rule 81, order discovery under Rule 26 to provide evidence relevant to the judicial proceeding at issue. See, e.g., 14-81 Moore’s Federal Practice — Civil § 81.08.
Similarly, in Reed & Martin, Inc. v. Westinghouse Electric Corp., we held that Rule 4 — which covers service of process— applies in actions brought to confirm arbitral awards under § 9 of the FAA. 439 F.2d 1268, 1277 (2d Cir.1971). Section 9 states, in pertinent part, that notice of an application to confirm an award “shall be served [on a nonresident adversary] in like manner as other process of the court.” 9 U.S.C. § 9 (emphasis added). Without explicitly referring to Rule 81, we concluded that this procedure “refers to,” and thus incorporates, Rule 4 of the Federal Rules “on the accomplishment of appropriate service.” See Reed & Martin, 439 F.2d at 1277; see also Technologists, Inc. v. MIR’s Ltd., 725 F.Supp.2d 120, 126-27 (D.D.C. 2010) (same) (citing cases & Fed.R.Civ.P. 81).
By contrast, where the FAA leaves open no procedural gap, and where a Federal Rule is inconsistent with the language or purpose of an FAA procedure, the FAA procedure governs in judicial proceedings relating to arbitration. See, e.g., Fed. R.Civ.P. 81(a)(6)(B); Booth, 902 F.2d at 931.
In espire Communications, Inc. v. CNS Communications, for example, the Fourth Circuit held that Rule 60(b)(1) of the Federal Rules does not apply in the context of § 10 applications to vacate an arbitral award. 39 Fed.Appx. 905, 912 (4th Cir.2002) (per curiam). Rule 60(b)(1) says that a court may relieve a party from a final judgment or order on the grounds of “excusable neglect.” But § 10 of the FAA provides for other procedures, such that Rule 60(b)(1) is preempted. Specifically, § 10 says that an arbitral award may be vacated only under four circumstances: (1) where the award was procured by, inter alia, fraud; (2) where there was “evident partiality or corruption in the arbitrators”; (3) where the arbitrators were guilty of certain specified misconduct; or (4) where the arbitrators, inter alia, exceeded their powers. See 9 U.S.C. § 10(a)(1) — (4). The espire Communications court thus concluded that because the FAA “contains exclusive procedures for vacating arbitration awards, Rule 60(b)(1) is inapplicable.” espire Commc’ns, 39 Fed.Appx. at 912.
Similarly, in O.R. Securities v. Professional Planning Associates, the Eleventh Circuit held that Rule 8’s notice-pleading regime does not apply in the context of an application to vacate an arbitration award. 857 F.2d 742, 748 (11th Cir.1988). As the court noted, § 6 of the FAA says that such an application “ ‘shall be made and heard in the manner provided by law for the making and hearing of motions’ ” Id. at 745 (quoting 9 U.S.C. § 6 (emphasis added)). But Rule 8 does not apply to motions; it applies to pleadings. Accordingly, the court concluded that the FAA preempts Rule 8 in the context of applications to vacate arbitral awards. See id. at 748; see also Productos Mercantiles E Industriales, S.A. v. Faberge USA Inc., 23 F.3d 41, 46 (2d Cir.1994) (citing O.R. Secs.).

*124
B. Analysis.

The FAA. does not provide for “other procedures” within the meaning of Rule 81 so as to preempt Rule 56 in the context of an action brought to compel arbitration. Indeed, Rule 56 applies in such proceedings because the Rule is incorporated by, and thus is in no way inconsistent with, the FAA.
Ms * *
The majority says that § 4 of the FAA provides “a simple, flexible framework for deciding whether a petition to compel arbitration must proceed to trial,” and that Rule 56 is therefore inapplicable. (Maj. Op. at 113.) The majority offers not a single citation in support of this conclusion.
More to the point, the majority’s conclusion does not follow. To determine whether, under Rule 81, the Federal Rules govern judicial proceedings relating to arbitration, we ask whether the FAA has “left open” any “procedural gap[],” Champ, 55 F.3d at 276, and whether the particular Federal Rule that would fill that gap is “consistent with the language and purpose of the [FAA],” Booth, 902 F.2d at 931. The majority is thus wrong to say that Rule 56 is inapplicable merely because the FAA provides “a simple, flexible framework.” A statute’s “simple, flexible framework” does not, without more, preempt the Federal Rules. The whole point of Rule 81 is that the Federal Rules govern judicial proceedings unless some specific statutory language or purpose requires otherwise. See Fed.R.Civ.P. 81(a)(6); aspire Commc’ns, 39 Fed.Appx. at 912 (holding that because the FAA “contains exclusive procedures ..., Rule 60(b)(1) is inapplicable”); O.R. Secs., 857 F.2d at 748 (the specific requirement in § 6 that applications under the FAA be made as motions preempts Rule 8, which applies to pleadings).
The majority is unable to identify any specific language in the FAA, or any underlying statutory purpose, that displaces Rule 56. And I am unable to do so, either.
Section 4 of the FAA states that a party aggrieved by an adversary’s refusal to arbitrate may petition a district court for an order compelling arbitration. See 9 U.S.C. § 4. Section 4 further states that “[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall” compel arbitration. 9 U.S.C. § 4 (emphasis added). But in what manner shall the court “hear the parties”? Section 6 of the FAA says that any application to the court — including a § 4 petition to compel arbitration — “shall be made and heard in the manner provided by law for the making and hearing of motions.” 9 U.S.C. § 6 (emphasis added).
By stating that applications “shall be made and heard in the manner provided by law for the making and hearing of motions,” § 6 of the FAA “refers to,” and incorporates, the Federal Rules relating to motion practice. See Reed & Martin, 439 F.2d at 1277 (deeming Rule 4 of the Federal Rules applicable to judicial proceedings under § 9 of the FAA, because § 9 “refers to” Rule 4 by stating that notice shall be served “in like manner as other process of the court”). Indeed, a leading treatise notes that § 6 “plainfly]” directs courts “to follow the Federal Rules” in deciding motions, whether such motions arise “under the [FAA] sections relating to arbitration agreements or those relating to awards.” 1 Ian R. Macneil, Richard E. Speidel & Thomas J. Stipanowich, Federal Arbitration Law § 8.7 at 8:19 (1999).
In accordance with the foregoing, at least two of our Sister Courts have explicitly held that Rule 56 applies in the context *125 of judicial proceedings relating to arbitration.
The Tenth Circuit, for example, upheld a district court’s use of Rule 56 in a proceeding to vacate an arbitral award under § 10 of the FAA. Vento v. Quick & Reilly, Inc., 128 Fed.Appx. 719, 722 (10th Cir.2005). The plaintiff in Vento had filed a § 10 application; the district court subsequently-granted summary judgment in favor of the defendant. Id. at 720. On appeal, the plaintiff argued that the district court erred by proceeding under Rule 56. Id. at 724. The Tenth Circuit dismissed this argument as “specious.” Id. As the court noted, the Federal Rules apply in arbitration cases except as the FAA provides other procedures. See id. (citing Fed. R.Civ.P. 81). But the FAA provides no “procedures to displace” Rule 56, and the plaintiff offered “no reason why normal procedures should be subverted.” Id. (quotations omitted). Accordingly, the Tenth Circuit held that the district court “properly adhered” to Rule 56 in the plaintiffs action under § 10 of the FAA. See id.
Similarly, the Seventh Circuit upheld a district court’s use of Rule 56 in a proceeding to confirm an arbitration award under § 9 of the FAA. See Milwaukee Typographical Union No. 23 v. Newspapers, Inc., 689 F.2d 386, 390 (7th Cir.) (noting that “[njothing in § 9 precludes application of [Rule 56]”), cert. denied, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981); see also Champ, 55 F.3d at 276 n. 3 (citing Newspapers, Inc.).
It is true that only a few of our Sister Courts have had occasion to explicitly reject the “specious” argument that Rule 56 does not apply in the context of judicial proceedings relating to arbitration. See Vento, 128 Fed.Appx. at 724. Nevertheless, the Federal Reporters are teeming with cases in which respondents have moved for summary judgment in that context.[7]

C. The Supposed Insufficiency of Summary Judgment.

The majority thinks that, even if motions for summary judgment are generally *126 available in the context of judicial proceedings relating to arbitration, Rule 41 still cannot apply in that context. The majority bases this sweeping conclusion on the following contrivance.
As discussed, the majority says that answers may not be served in response to petitions to compel arbitration. By the terms of Rule 41, then, a § 4 respondent could cut off a petitioner’s right to unilateral dismissal only by moving for summary judgment. But, the majority muses, what if “it is clear at the outset that summary judgment will not (and should not) be granted”? (Maj. Op. at 115.) Under such circumstances, the majority says, a respondent would have to choose between “servpng] a motion [he] knows to be likely futile, or even frivolous,” and “allowing] the petitioner the right of unilateral dismissal at any time.” (Maj. Op. at 115.)
The majority’s scenario is premised on a fundamental misunderstanding of summary judgment procedure. A party moving for summary judgment cannot know “at the outset that summary judgment will not (and should not) be granted,” because he cannot know “at the outset” whether his adversary will submit competent evidence sufficient to create a genuine dispute of material fact. See Fed.R.Civ.P. 56(a), (c). Similarly, a movant cannot know “at the outset” whether his adversary will timely respond to the motion, or indeed whether the adversary will respond at all. Finally, a movant cannot know “at the outset” how the district court will ultimately dispose of the motion. Despite our movant’s hunch that “summary judgment will not (and should not) be granted,” the court may nevertheless be persuaded by the movant’s advocacy. And of course, the court may sua sponte grant summary judgment on an issue our supposedly clairvoyant movant failed to anticipate. See First Fin. Ins. Co. v. Allstate Interior Demolition Corp., 193 F.3d 109, 114, 119 (2d Cir.1999).
But even if I were to accept the premise of the majority’s scenario — and I do not— the majority’s hypothetical movant could still find in Rule 56(g) of the Federal Rules a good faith basis to move for summary judgment. Rule 56(g) says that, if the district court “does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.” Fed.R.Civ.P. 56(g). Accordingly, a movant who — somehow—knows “at the outset” that summary judgment will not be granted may nevertheless file his motion in an effort to secure factual findings which narrow the scope of discovery and trial.
Of more pressing concern, however, is that the majority crafts an expansive rule — that Rule 41 can never apply in the context of actions to compel arbitration— based on an imagined scenario that has no relevance to the matter before us. Nobel did not submit any affidavit saying it felt obliged not to move for summary judgment in light of its knowledge “that summary judgment [would] not (and should not) be granted.” The majority should adjudicate the controversy before it, rather than the one conjured up in an implausible hypothetical.
Finally, the majority appears to think that a § 4 respondent would be prejudiced by Rule 41. This is because a § 4 respondent would be forced to move for summary judgment to cut off a petitioner’s right to unilateral dismissal, but in ordinary proceedings, the mere service of an answer would do the trick.
I do not share the majority’s concern. Rule 41 “means what it says.” Cf. RFR *127 Indus., Inc. v. Century Steps, Inc., 477 F.3d 1348, 1351 (Fed.Cir.2007) (quotations omitted); Thorp, 599 F.2d at 1175. What it says is that the right to unilateral dismissal is terminated by the service of either an answer or a motion for summary judgment. What it does not say is that a party’s supposed burden in cutting off that right, as compared to the burden of a different party in a different proceeding, is in any way relevant.
The majority may believe such an omission to be unfair. But that belief does not entitle the majority to amend the Rule.

TV. The FAA Does Not Preempt Rule 41.

As discussed, Rule 41 “presupposes” only that an adversary may serve at least one of the papers mentioned in the Rule— that is, either an answer or a motion for summary judgment. Because the FAA does not preempt Rule 56, a respondent may oppose a petition to compel arbitration by moving for summary judgment.
But the fact that Rule 56 applies in judicial proceedings under the FAA does not alone mean that Rule 41 also applies in such proceedings. That is, we must still determine whether the FAA preempts Rule 41. I conclude that it does not.
* * *
In accordance with the Rule 81 inquiry, we first ask whether the FAA “provide[s] other procedures” with respect to the unilateral dismissal of actions brought to compel arbitration. See Fed.R.Civ.P. 81(a)(6); see also Cham/p, 55 F.3d at 276; Boeing Co., 998 F.2d at 73. I fully agree with the majority’s answer to this question: “[The FAA] does not ‘provide other procedures’ expressly ... govern[ing] the voluntary dismissal of petitions to compel arbitration.” (Maj. Op. at 110.)
Despite this concession, the majority apparently thinks the FAA implicitly preempts Rule 41. The premise for this belief is that Rule 41 “presupposes” the availability of both answers and motions for summary judgment. Because, says the majority, § 6 of the FAA precludes the service of answers in the context of judicial proceedings relating to arbitration, Rule 41 must be preempted in that context.
As discussed at length, the majority’s premise is erroneous. Rule 41 merely presupposes the availability of at least one of the two papers mentioned in the Rule. Accordingly, the FAA’s supposed preclusion of answers provides no basis to conclude that the entirety of Rule 41 is preempted. Indeed, we have recognized that a statute’s preemption of one provision in a Federal Rule does not mean the entirety of the Federal Rule is preempted. See Productos Mercantiles, 23 F.3d at 44-46 (holding that Rule 12(b)’s “pleading requirements” do not apply to petitions to modify and confirm an arbitral award, yet affirming the denial of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction).
Nobel itself understands this basic principle. Although the FAA preempts Rule 12(b)’s “pleading requirements,” see id. at 46, Nobel nevertheless invoked other provisions of Rule 12 when it responded to ISC’s petition to compel arbitration: it waived its defenses of insufficient process and insufficient service of process under Rules 12(b)(4) and (5), and it moved to dismiss the action under Rule 12(b)(2) for lack of personal jurisdiction.
In accordance with the second step of the Rule 81 inquiry, we must ask whether Rule 41 is inconsistent with the purpose of the FAA. See Booth, 902 F.2d at 931. I find nothing in Rule 41 that is in any way inconsistent with the FAA’s purpose. And *128 the majority’s silence on this question fails to convince me that I am wrong.
The “primary purpose” of the FAA is to ensure “that private agreements to arbitrate are enforced according to their terms.” See Volt Info. Seis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). But this assumes that an aggrieved party in fact wishes to enforce its agreement to arbitrate. The FAA itself does not force an aggrieved party to continue an action to compel arbitration any more than it forces an aggrieved party to commence such an action in the first place. Cf. Stoltr-Nielsen S.A. v. Animal-Feeds Int’l Corp.,—U.S.-, 130 S.Ct. 1758, 1773, 176 L.Ed.2d 605 (2010) (noting the “basic precept that arbitration is a matter of consent, not coercion”) (quotations omitted).
I also note that Rule 41 is consistent with the purpose of § 6 of the FAA. By providing that a petition for an order compelling arbitration “shall be made and heard in the manner provided by law for the making and hearing of motions,” § 6 seeks “to expedite judicial treatment of matters pertaining to arbitration.” See World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362, 365-66 (2d Cir.1965). Unilateral dismissal under Rule 41 more than “expedite[sj” judicial proceedings under the FAA. Where a petitioner decides that he would prefer to bring an end to his action, dismissal under Rule 41(a)(l)(A)(i) immediately and automatically terminates all proceedings, thus obviating the need for any further “judicial treatment.” See 8-41 Moore’s Federal Practice — Civil § 41.33; Concha v. London, 62 F.3d 1493, 1506 (9th Cir.1995) (“The dismissal is effective on filing and no court order is required .... Filing a notice of voluntary dismissal with the court automatically terminates the action.”).
The FAA, then, does not preempt Rule 41. Because Nobel never served a motion for summary judgment, ISC was well within its rights under Rule 41 to unilaterally dismiss the action. And because ISC’s notice of dismissal was thus “filed in conformance with the explicit requirements of [Rule 41],” it was “not subject to vacatur.” See Thorp, 599 F.2d at 1176.
I acknowledge that ISC’s resort to Rule 41 “may be disruptive and annoying.” See Wolters Kluwer Fin. Seros., Inc. v. Sci-vantage, 564 F.3d 110, 114 (2d Cir.2009). Nevertheless, “it is permitted by the rules.”[8] See id.

*129
V. The Impact of the Majority’s Decision.

The majority holds that once a party initiates an action to compel arbitration, he may never unilaterally dismiss it.
This holding is contrary to the clear language of Rule 41. It rests on unsupported reasoning that ignores our duty to “construe!]” the Federal Rules so as “to secure the just, speedy, and inexpensive determination of every action.” Fed. R.Civ.P. 1. It disregards the spirit of the FAA, which aims “to expedite judicial treatment of matters pertaining to arbitration.” See World Brilliance Corp., 342 F.2d at 365-66. And at bottom, it makes no sense.
A plaintiff may have various reasons for wishing to unilaterally dismiss his action. He may realize he filed suit in an improper forum. He may wish to marshal new evidence to support a claim. He may be financially unable or unwilling to continue the litigation. Or he may wish to cut his losses after learning that his adversary is judgment-proof. See generally 8-41 Moore’s Federal Practice — Civil § 41.11. A § 4 petitioner may have similar reasons to resort to Rule 41.
The right to unilateral dismissal of course may be exercised regardless of whether the reasons for doing so are adjudged “legitimate.” See Thorp, 599 F.2d at 1177 n. 10. But the mere fact that there are “legitimate” reasons for invoking that right counsels against the categorical rule the majority adopts here.

VI. Conclusion.

For the reasons stated above, I would hold that the District Court erred by vacating ISC’s properly filed notice of dismissal. I thus dissent from Part II of the majority opinion.
Because I conclude that the District Court did not abuse its discretion in denying ISC’s recusal motion, I concur with Part I of the majority opinion.

. By the same motion, Nobel opposed ISC’s petition on the merits.

. Rule 41(a)(l)(A)(i) permits a plaintiff to dismiss "an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.” Rule 41(a)(1)(B) provides that, “[u]nless the notice ... states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.”

. See, e.g., In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir.2008); Am. Soccer Co., Inc. v. Score First Enters., 187 F.3d 1108, 1110 (9th Cir.1999); Carter v. United States, 547 F.2d 258, 259 (5th Cir.1977).

. Moore’s cites to the False Claims Act, 31 U.S.C. § 3730(b)(1), the Immigration and Nationality Act, 8 U.S.C. § 1329, and the Clayton Act, 15 U.S.C. § 15c(c), each of which explicitly precludes unilateral dismissal. See 8-41 Moore's Federal Practice — Civil § 41.32.

. See, e.g., Johnson Chem. Co., Inc. v. Home Care Prods., Inc., 823 F.2d 28, 30 (2d Cir.1987), abrogated on other grounds, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); Santiago v. Victim Servs. Agency of Metro. Assistance Corp., 753 F.2d 219, 222 (2d Cir.1985), abrogated on other grounds by Cooter & Gell; Thorp v. Scame, 599 F.2d 1169, 1175 (2d Cir.1979); see also, e.g., In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d at 167 n. 10; Am. Soccer Co., Inc., 187 F.3d at 1111; Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel, 2 F.3d 544, 547 (4th Cir.1993); Manze *120 v. State Farm Ins. Co., 817 F.2d 1062, 1066 & n. 4 (3d Cir.1987); Universidad Cent. del Caribe, Inc. v. Liaison Comm, on Med. Educ., 760 F.2d 14, 18-19 (1st Cir.1985); Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir.1983); Carter, 547 F.2d at 259; Pilot Freight Carriers, Inc. v. Int’l Bhd. of Teamsters, 506 F.2d 914, 916 (5th Cir.), cert. denied, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); D.C. Elecs. v. Nartron Corp., 511 F.2d 294 (6th Cir.1975).

. See David McCullough, John Adams 68 (2001) (quotations omitted) (quoting Adams).

. See, e.g., Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc., 666 F.3d 932, 934-35 (5th Cir.2012) (Volvo filed a § 4 petition to compel arbitration; the parties subsequently filed cross-motions for summary judgment on the arbitration issue); Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 306 (3d Cir.2009) (Nationwide filed a petition to compel arbitration; the district court granted summary judgment in favor of respondent on the ground that Nationwide was collaterally estopped from invoking the arbitration clause there at issue); Nissan N. Am., Inc. v. Jim M’Lady Oldsmobile, Inc., 486 F.3d 989, 993 (7th Cir.2007) (Nissan filed a petition to compel arbitration pursuant to the FAA; the parties later cross-moved for summary judgment on the issue of arbitrability); Delta Funding Corp. v. Harris, 466 F.3d 273, 274 (3d Cir.2006) (Delta filed a petition to compel arbitration; Harris opposed the petition in part by filing a motion for summary judgment); Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Kean-Argovitz Resorts, 383 F.3d 512, 514 (6th Cir. 2004) (counterclaimant filed petition to compel arbitration; parties then cross-moved for summary judgment on issue of arbitrability); Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1129 (9th Cir.2000) (Chiron sought an order compelling arbitration; Or-tho moved for summary judgment on the ground that a previous arbitral award operated as res judicata); S+L+H S.p.A. v. Miller-St. Nazianz, Inc., 988 F.2d 1518, 1521 (7th Cir.1993) (petitioner filed action to compel arbitration; both parties moved for summary judgment); see also Quilloin v. Tenet Health-System Phila., Inc., 673 F.3d 221, 227 (3d Cir.2012) (noting that respondent did not file a motion for summary judgment in response to a motion to compel arbitration); Am. Gen. Fin. Servs. of Ala., Inc. v. Witherspoon, 426 Fed.Appx. 781, 782 (11th Cir.2011) (per curiam) (appellees had filed a petition to compel arbitration, and thereafter filed a motion for summary judgment); Terwilliger v. Terwilliger, 206 F.3d 240, 243-44 (2d Cir.2000) (defendants moved to compel arbitration; plaintiff then moved for summary judgment).

. Nobel does not argue on appeal that its opposition to ISC’s petition was the functional equivalent of a motion for summary judgment, such that ISC's right to unilateral dismissal would have been cut off before ISC filed its Rule 41 notice of dismissal. I note that such an argument would not be without surface appeal.
We have, however, repeatedly rejected such "functional equivalence” arguments, emphasizing that Rule 41 is "unambiguous,” and that “[ojnly the occurrence of one of the two events specified in the rule” — i.e., the service of an answer or a motion for summary judgment — "can cut off the plaintiff's right unilaterally to dismiss the action.” Santiago, 753 F.2d at 222 (quotations omitted). As we have explained,
[Rule 41] dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the "equivalent” of an answer or a motion for summary judgment has been served ... to warrant terminating the plaintiff's right to dismiss the proceedings.
Thorp, 599 F.2d at 1176.
Accordingly, in Santiago we declined to treat an opposition to a motion for a preliminary injunction as the equivalent of an answer or a motion for summary judgment. See Santiago, 753 F.2d at 221-22. And in Thorp, we rejected an argument that a brief and supporting affidavits, which were submitted in opposition to an application for a temporary restraining order, could be treated as the *129 equivalent of a motion for summary judgment. See Thorp, 599 F.2d at 1173. Cf. Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1535 (9th Cir.1987) ("A motion to compel arbitration ... is not the equivalent of an answer or a motion for summary judgment.”).
In any event, the majority doubts that Rule 56 applies in the context of judicial proceedings under the FAA. As a result, even if Nobel had argued on appeal that its opposition to ISC’s petition was the functional equivalent of a motion for summary judgment, I cannot imagine that such an argument would have been well-taken.