**ESTATE OF Ernest GOTTDIENER, Estate of Judit Gottdiener, Ervin Tausky, Suan Investments, Plaintiffs–Appellants,**

v.

**Felix SATER, Salvatore Lauria, Defendants–Appellees.**

**No. 14–1313.**

United States Court of Appeals, Second Circuit.

May 7, 2015.

Frederick M. Oberlander, The Law Offices of Frederick M. Oberlander, Montauk, N.Y. (Richard E. Lerner, The Law Offices of Richard E. Lerner, New York, NY, on the brief), for Plaintiffs–Appellants.

Robert S. Wolf (Robert D. Lillienstein, Jason Canales, on the brief), Moses & Singer, LLP, New York, NY, for Defendant–Appellee Felix Sater.

Joshua D. Liston, Beys, Stein & Mobargha LLP, New York, NY, for Defendant–Appellee Salvatore Lauria.

PRESENT: RICHARD C. WESLEY, DEBRA ANN LIVINGSTON and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Estates of Ernest and Judit Gottdiener, Ervin Tausky, and Suan Investments ("Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York, dismissing their claims against Defendants–Appellees Felix Sater and Salvatore Lauria ("Defendants") for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs assert two claims against Defendants: a substantive RICO violation, predicated on Defendants' aiding and abetting a non-party's securities fraud, § 1962(c), and a RICO conspiracy violation, for agreeing to further the non-party's securities fraud, § 1962(d).

RICO claims predicated on securities fraud are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standards requiring that the allegations of fraud be "state[d] with particularity." Fed.R.Civ.P. 9(b); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir.2013). To satisfy this requirement, the complaint must "specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Cohen*, 711 F.3d at 359 (citing *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir.2001)) (internal quotation marks and alterations omitted). Plaintiffs' First Amended Complaint, considered in conjunction with its attached exhibits, Fed.R.Civ.P. 10(c), does not sufficiently plead the securities fraud-based RICO claims, *see* Fed.R.Civ.P. 9(b).

We review a district court's denial of leave to amend the complaint for abuse of discretion. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir.2008). Here, Plaintiffs were afforded multiple opportunities to rectify their Rule 9 pleading deficiencies. *See* Transcript of Proceedings at 7–14, *Estate of Gottdiener v. Sater*, 35 F.Supp.3d 386 (S.D.N.Y.2014), ECF No. 14; Memo Endorsement at 2, *Estate of Gottdiener*, 35 F.Supp.3d 386, ECF No. 23. The District Court thus did not abuse its discretion in denying Plaintiffs leave to amend the First Amended Complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir.2007); *cf. Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986).

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, for the rea-

---

1. We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002).

sons set forth above, the judgment of the District Court is **AFFIRMED.**