15-4077-cv
Estate of Ernest Gottdiener et al. v. Bayrock Group, LLC, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

PRESENT: REENA RAGGI,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

ESTATE OF ERNEST GOTTDIENER, ESTATE OF JUDIT GOTTDIENER, ERVIN TAUSKY, SUAN INVESTMENTS,

*Plaintiffs-Appellants*,

FREDERICK MARTIN OBERLANDER,

*Movant-Appellant*,

J. KRISS, J. KRISS, for BAYROCK MERRIMAC LLC, MICHAEL EJEKAM, MICHAEL EJEKAM, for BAYROCK MERRIMAC LLC, BAYROCK GROUP, LLC, BAYROCK WHITESTONE, LLC, BAYROCK CAMELBACK, LLC,

*Plaintiffs*,

v.          No. 15-4077-cv

BAYROCK GROUP, LLC, TEVFIK ARIF, JULIUS SCHWARZ, BRIAN HALBERG, SALVATORE LAURIA, ALEX SALOMON, JERRY WEINRICH, NIXON PEABODY, LLP, ROBERTS & HOLLAND, LLP, MARTIN DOMB, CRAIG H. BROWN, BAYROCK WHITESTONE, LLC, DUVAL & STACHENFELD, LLP, BRUCE STACHENFELD, MORGAN LEWIS & BOCKIUS, LLP, DAVID GRANIN, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, ADAM B. GILBERT, BAYROCK SPRING STREET, LLC, BAYROCK MERRIMAC, LLC, SATTERLEE STEPHENS BURKE & BURKE, LLP, BEYS STEIN & MOBARGHA, LLP, ELLIOT PISEM, MICHAEL SAMUELS, MEL DOGAN, JOHN DOES 1-100, BAYROCK CAMELBACK, LLC, BAYROCK GROUP, INC., TAMIR SAPIR, ALEX SAPIR, SAPIR DOES 1 THROUGH 100, WALTER SAURACK, KELLY ANNE MOORE, NADER MOBARGHA, MICHAEL PETROS BEYS, LENDER INVESTOR JOHN DOES 1-100, FELIX SATER, SALOMON & COMPANY, P.C., AKERMAN SENTERFITT, LLP,

*Defendants-Appellees.*

----------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:    FREDERICK M. OBERLANDER, The Law Office of Frederick M. Oberlander, P.C., Montauk, NY.

FOR DEFENDANTS-APPELLEES:    ROBERT S. WOLF, Moses & Singer LLP, New York, NY.

2

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellees, along with their counsel, appeal from the vacatur of their notice of voluntary dismissal without prejudice, and the simultaneous dismissal of their action with prejudice, as well as from the prior denials of (1) their motion to remand to state court and (2) their motion to stay proceedings pending emergency hearings regarding witness tampering. This is the third federal court action commenced by plaintiffs and their counsel relating to allegations that Felix Sater engaged in a fraudulent conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., or related state fraud claims. See Kriss et al. v. BayRock Group LLC et al., 1:10-cv-3959-LGS-FM (S.D.N.Y.) (filed May 10, 2010); Estate of Gottdiener v. Sater, 35 F. Supp. 3d 386 (S.D.N.Y.), on reconsideration, 35 F. Supp. 3d 402 (S.D.N.Y. 2014), aff'd, 602 F. App'x 552 (2d Cir. 2015); Kriss et al. v. BayRock Group LLC et al., 1:13-cv-3905-LGS (S.D.N.Y.) (filed June 7, 2013). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Rule 41 of the Federal Rules of Civil Procedure provides that "[a] plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The Rule "presupposes that the opposing party can file both" an answer and a motion for summary judgment. ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 112 (2d Cir. 2012). We have recognized that vacatur of a notice of voluntary dismissal may be appropriate in certain

"extreme" circumstances, where "the purpose of Rule 41(a)(1)[(A)](i) would be better served by abandoning a literal interpretation" of it. Thorp v. Scarne, 599 F.2d 1169, 1176 (2d Cir. 1979); see Johnson Chem. Co. v. Home Care Prods., Inc., 823 F.2d 28, 30-31 (2d Cir. 1987) (concluding that the fact that a preliminary injunction hearing had been held in the case was not sufficiently "extreme" to warrant vacatur of the plaintiff's voluntary dismissal), abrogated on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).

Taken together, the facts, procedural history, and other circumstances relevant to this case (including sanctions imposed on appellants' counsel and referrals by a district court to the United States Attorney for the Eastern District of New York for investigation of counsel's potential violations of federal criminal law) are, to say the least, extreme. We identify no error in the District Court's decision to vacate the appellants' Rule 41(a) dismissal or its subsequent decision to dismiss the case with prejudice under Rule 41(b).

We have considered all of the appellant's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court